No. 102.—JOHN KERLEY, plaintiff in, error, *vs.* E. H. RICH-ARDSON, defendant.

[1.] A sells to B a number of lots of land and gives B his bond to make him · title on payment of the purchase money. As to one of the lots a grant from the State has never issued, but A has a conveyance of it from the drawer. B goes into possession. Afterwards, the lot aforesaid, under the Act of 1843, reverts to the State, and B gets a grant to it from the State, by paying Twenty-five Dollars, which is less than the value of the lot. B then sues A for a breach of the condition in his bond : *Held*, that B is entitled to recover of A only what B paid the State, for the grant and interest there-on.

In Equity, in Polk Superior Court. Tried before Judge TRIPPE, March Term, 1855.

The facts in this case were, that Kerley had given a bond for titles assigned to Richardson, dated October 9th, 1838, to make good titles to a tract of land embracing many contiguous lots; the titles to be made by December 25th, 1839, or on the payment of the last instalment of the purchase money..

Richardson was put into possession of all the land in 1838 or 1839, and has so continued.

Titles had been made to all the lots except one, No. 796, 2d district, 4th section, to which Kerley had a conveyance from the drawer, but which had never been granted. This lot had reverted to the State, in consequence of the grant not being applied for in time, and had been granted to Richardson under

the Act of 21st December, 1843, at a fee of twenty-five dollars.

Kerley had brought an action on the note given for the land, and this bill was filed to 'enjoin that action, and claiming that the note should be credited by the value of the reverted lot. The question was, as to the amount for which the note should be credited—whether the value of the lot or the cost of obtaining the grant. Evidence was introduced of the value of the lot, both in 1838 and at this time, which latter testimony was objected to but admitted by the Court; which is alleged as error.

The Counsel for defendant requested the Court to charge the Jury as follows:

1st. That if they should believe, from the evidence, that complainant, Richardson, was in possession of the lot of land in dispute, under a purchase from the defendant, Kerley, the defendant, in good faith, holding a regular conveyance from the drawer of the lot of land, the possession of Richardson was the possession of Kerley, the defendant; and that possession was an incumbrance upon the grant; and that if Richardson, without ever being disturbed in his possession, so obtained from and held under Kerley, granted the lot of land from the State, it was, by him, an extinguishment of that incumbrance, for which he, Richardson, is entitled to be refunded the amount he so paid for its extinguishment, with interest thereon, and no more.

2d. That if the Jury should believe, from the evidence, that Richardson purchased the lot of land in dispute from Kerley, the defendant, and went into the possession of the lot of land under that purchase, and without ever being disturbed in that possession, granted the lot of land from the State, in his own name, and never having been disturbed in the possession, he, Richardson, is entitled to be re-imbursed the amount it cost him to grant the lot of land, and no more, if there was a tender of such amount made to Richardson; and if there was no tender made, then the amount paid by Richardson for the grant fee from the State, and other expenses he may have in-

curred in granting the lot, with interest thereon, from the time the lot was so granted by Richardson.

3d. That if the Jury, from the evidence, should believe that Richardson, by purchasing and obtaining the possession of the lot of land from Kerley, was placed in a condition by which he was better enabled to purchase in an incumbrance or outstanding title, that he, Richardson, could not come into a Court of Equity and appropriate that advantage, thus obtained, to his entire benefit, to the exclusion of Kerley, the defendant, but that Kerley is entitled to participate in that benefit or advantage; and hence, Richardson is entitled to recover no more than the expenses he incurred, with interest thereon, in purchasing in that incumbrance or outstanding title, and thereby perfecting his title.

4th. That if the Jury should believe, from the evidence, that the plaintiff purchased, in 1838, eight lots of land from the defendant, forming a settlement of land, at Five Hundred Dollars each, and the title to all the lots was good and without dispute, except one, and it cost plaintiff twenty-five dollars to make good the title and purchase to that lot in 1845, he, plaintiff, having remained in possession from the purchase up to the present time, then plaintiff can only recover the twenty-five dollars, with the legal interest thereon.

5th. That Richardson being in possession under Kerley and owing Kerley a large portion of the purchase money, whilst he so retained that possession he was in the nature of a trustee for Kerley; and if he purchased in an incumbrance or an outstanding title, it inured to the benefit of Kerley's title, and Richardson is entitled to recover only the amount he paid for removing such incumbrance or purchasing in such outstanding title, with the legal interest thereon.

The Court refused so to charge, but on the contrary, charged the Jury as follows:

"That the complainant was entitled to be remunerated or have credited on his note the value of the lot of land at the time the title should have been made by defendant to complain-

.ant; and that in estimating that value, they might take into consideration the relative value of the lot of land to the settlement of land sold by defendant to complainant, but that his, complainant's, measure of damages was confined to the value of the lot of land on the 25th of December, 1839, to the settlement of land; as, by the bond, defendant was, at that time, to make titles to the land, or when the last of the purchase money should be paid; and as the failure, by complainant, to pay the purchase money at that time only prevented or postponed the making of the title, the complainant could not claim any thing more by his own act or neglect than its value at that time." The Court farther charged the Jury, "that if they should believe, from the evidence, that the value of the lot of land, at the time the title should have been made, was equal to the amount of the note sued on at Law, then, by their verdict, they should decree a perpetual injunction against the note sued on at Law; and if the value so estimated as aforesaid should be less than the amount of the note, then they should decree, that upon complainant's paying the difference between the value of the lot of land and the note, that the Common Law action be perpetually enjoined as to the balance."

To which charge and refusal to charge, Counsel for defendant excepted.

AKIN, for plaintiff in error.

ALEXANDER, for defendant in error.

*By the Court.*—BENNING, J. delivering the opinion.

[1.] The only question in this case is, what was the measure of damages which Kerley was liable to pay for failing to comply with the condition in his bond, that he would "make or cause to be made" to Harper or his order, good "titles" to lot of land No. 796, in the 2d district and fourth section?

The Court below held that measure to be, the value of the land at the time when the title should have been made.

If the outstanding right or interest in the State of Georgia, which constituted the breach of this condition in the bond, was an *incumbrance*, then there seems to be no dispute between the parties, that the measure of the damages to be paid by Kerley, was what it cost Richardson, the assignee of the bond, to remove the incumbrance. At any rate, that is what the law, it seems, has, in such case, made the measure. (*Martin vs. Atkinson*, 7 *Ga. R.* 237. *Sedge. Meas. Dam.* 185.)

Was the outstanding right or interest in the State, then, an incumbrance? *Greenleaf*, in his work on Evidence, impliedly says, that an incumbrance is anything which shows that " a third person has a right to or an interest in the land granted, to the diminution of the value of the land granted, though consistent with the passing of the fee by the deed of conveyance." " Therefore," he says, " a public highway over the land; a claim of dower; a private right of way; a lien by judgment, or by mortgage made by the grantor to the grantee, or any mortgagee, unless it be one which the covenantee is bound to pay ; or any other outstanding elder and better title, is an incumbrance, the existence of which is a breach of this covenant." (2 *Green. Ev.* §242.)

In these positions, he is supported by many cases which he cites, but they are all American cases.

There is, however, English authority for some of the positions, if not for all; at least, there is for the position, that an outstanding elder and better title is an incumbrance. A case is stated in *Viner's Abridgement*, in which an estate for life was held to be an incumbrance. (14 *Vin. Abr. Incumbrances*, (*A.*)

So the common form of the covenant against incumbrances is, that the land shall be enjoyed " free and clear" " of, from and against all and all manner of former and other gifts, grants, feoffments, leases, mortgages, bargains, sales," &c. (*Platt. on Cov.* 330.)

Under these authorities, it may be safely said, that an outstanding elder and better title, is an incumbrance.

If this be so then, as the right or interest of the State in the

Kerley *vs.* Richardson.

land was an outstanding elder and better title than that of Kerley, that right or interest was an incumbrance on the land.

It follows, that when Richardson extinguished that incumbrance by paying to the State a certain sum of money, he became entitled to recover of Kerley for the breach of the condition in Kerley's bond, produced by the existence of that incumbrance, a sum equal to that so paid to the State, together with interest on that sum.

But whether we regard the right or interest of the State in the land, as an incumbrance or as an outstanding elder and better title, which was not an incumbrance, this sum is all that Richardson was entitled to recover of Kerley.

In *Smith vs. Compton,* (30 *Barn. and Adolph.* 189, 407,) the breach was of a covenant that the vendor " had in himself good right, &c. to appoint and to grant, bargain and sell, &c. the premises ;" and the breach consisted in another person's " being lawfully entitled to the premises"—a suit by that person and a " compromise" of the suit on the payment to the plaintiff by the purchaser of a certain sum of money. And all that the purchaser recovered, was that amount of money and his costs. He did not even contend for more.

In harmony with this case are cases in some of the States of this Union. (*Sedgewick Meas. Dam.* 181, 182, 183, 184. 4 *Kent's Com.* 477.) And no cases, as far as I know, opposed to it.

It is true, as a general rule, that for the breach of warranty or the breach of any of the covenants for title, which, in modern times, have, in England, come to take the place of warranty, the measure of damages may be stated to be the purchase money and interest. And this rule is founded upon the reason, that the purchase money and interest may, in general, be taken to be a *compensation* for the loss occasioned by the breach—the purchase money and interest being a fair measure of the value of the land purchased, at the time of the purchase, which land is what, in the greater number of cases, is lost by the breach. But the land, or the value of the land, is not that which is lost in *all* cases. In some cases, the breach

extends to only a part of the land sold—in some, it extends to only a part of the interest in the whole land sold, as when the outstanding better title is but a lease for years—in some, it consists in the existence of an incumbrance which the purchaser can and does remove before actual eviction, for a less sum than the value of the land. In all these cases, what the purchaser loses by a breach of the covenant, is less than the value of the land. And so the *reason* of the general rule, that the purchase money and interest is the measure of damages, requires that in these cases something less than that purchase money and interest should be the measure of the damages—the reason of that rule requires that whatever shall be a compensation for the actual loss sustained in these cases, shall be the amount of the damages to be recovered in them.

The decision of this Court in *Martin vs. Atkinson, (supra)* is not considered to be in conflict with this view. In that case, the purchaser lost the whole land. It is true, he afterwards bought it back again, and for a less sum than the price of his first purchase. In the present case, it is only by hard construction and intendment that the purchaser can be said to have lost land of which he was never out of the possession. In the former case, there is no way of telling how much the purchaser lost by being for a time out of possession—how much the land might have been lessened in value by what occurred while he was out of possession.

In the opinion, therefore, of this Court, the charge of the Court should have been, that Richardson, the complainant, was entitled to have a credit entered on his note, for the amount which it cost him, Richardson, to get the grant from the State, besides interest on that amount, commencing at the time it was paid, and for no more.

A new trial, therefore, becomes necessary.