## HULL *vs.* HARRIS.

[WARNER, Chief Justice, being engaged in presiding over the senate organized as a court of impeachment, did not sit in this case.]

Upon breach of a bond to make title to land, where the purchaser buys up the outstanding title thereto, the measure of damages is what the outstanding title actually cost him ; and on a suit by the vendor for the purchase money, such actual cost only can be set off against the note.

Damages. Title. Before Judge HOOD. Worth Superior Court. April Term, 1879.

Reported in the opinion.

WARREN & HOBBS, for plaintiff in error.

D. H. POPE, for defendant.

JACKSON, Justice.

This suit was brought by Henry Hull to recover on a note given by defendant to John S. Linton for a tract of land for which Linton had executed a bond for title to the defendant. The defendant was in possession of the land sold him, but alleged that one of the lots had been previously mortgaged and sold by Linton, and that he had been forced to buy up the outstanding title to that lot. The jury found for the defendant.

The evidence is conflicting whether or not this lot was embraced in the prior conveyances of Linton; but even if it had been, there is no evidence to support the verdict. If the defendant was obliged to buy up the outstanding title to the lot, his measure of damages is what it cost him. Code, §2949; 17 *Ga.*, 602. There is no evidence what he did have to pay for it; therefore there is no evidence of his damages; therefore the verdict for the defendant allowing him the whole balance of the note is without any evidence to support it.

The rule is sound. A purchaser ought not to retain possession of land sold him, and buy up outstanding titles for little or nothing, and then have himself credited with the full value of what the land is worth.

The verdict being without evidence, a new trial must be granted.

Judgment reversed.