## BANK OF THE STATE OF GEORGIA *v.* O'NEAL.
## BANK OF THE STATE OF GEORGIA *v.* PARKER.

As against a general demurrer, a petition sufficiently sets forth a breach of a covenant of warranty, which alleges, that the defendant had sold and conveyed to the plaintiff certain land with a warranty of title, and that the plaintiff was compelled to pay to another a specified sum in order to prevent being evicted from the premises under an action of ejectment brought by the latter, who "lawfully claimed the said premises by an older and better title than that of said defendant, . . whereby, in order to quiet your petitioner's title and to enable him to remain in quiet possession and enjoyment of the premises aforesaid, your petitioner was compelled to, and did, buy up the outstanding paramount title aforesaid."

Submitted June 4, — Decided July 8, 1897.

Action for breach of warranty. Before Judge Lumpkin. Fulton superior court. September term, 1896.

The allegations were, that the bank was indebted to plaintiff $541.65, for that on November 3, 1879, it executed its deed conveying to Betsy O'Neal a described lot of land in the city of Atlanta, therein covenanting with her to warrant and forever defend unto her, her heirs, executors, administrators and assigns, against all persons. She thereupon entered into the lawful possession of said premises, and on May 28, 1889, conveyed the same for a valuable consideration to plaintiff, by virtue of which deed he entered into possession. Defendant has not warranted or defended the premises to plaintiff as by its covenant it was bound to do; but on the contrary Clifford L. Anderson, as administrator of the estate of John J. Bradley, lawfully claimed the premises by an older and better title than that of defendant, said title being vested in his intestate, and filed a suit to the fall term, 1893, of Fulton superior court, against plaintiff for the recovery of the premises in ejectment. Plaintiff was compelled to and did employ counsel, at a cost to him of $150, to examine into the merits of said controversy and to advise him as to the action to be taken, and he was thereupon advised by said counsel and believes that the title claimed by said administrator was paramount to that derived and held under defendant by virtue of the conveyance before mentioned. A compromise and settlement were then effected, whereby, in order to quiet plaintiff's

43

title and enable him to remain in possession and enjoyment of the premises, he was compelled to buy up said outstanding paramount title for $180, which he paid to said administrator on November 20, 1895. He was further compelled by the terms of said settlement to pay $10.65 costs. He has suffered serious loss and damage by loss of time due to the breach of the covenant by defendant, to the amount of $100, and will be compelled to expend $100 more for counsel fees in this litigation, made necessary by said breach and by the fact that the defendant has acted in bad faith in making deed to this property, the title to which it well knew was not vested in it, and has caused plaintiff unnecessary trouble and expense. The suit was brought on December 30, 1895.

*John L. Hopkins & Sons*, for plaintiff in error.
*J. H. Gilbert*, contra.

LUMPKIN, P. J. An action was brought by O'Neal against the Bank of the State of Georgia, in which it was sought to recover damages for an alleged breach of a covenant of warranty contained in a deed to land. The defendant filed a general demurrer, and also certain special demurrers; but the only error assigned in the bill of exceptions was the overruling of the general demurrer.

The headnote discloses the substance of what the plaintiff alleged as constituting the breach of warranty. As against a general demurrer, we think these allegations were sufficient to carry the case to a jury. If O'Neal, in order to prevent being evicted from the premises conveyed to him by the bank with a warranty of title, was, by reason of an action of ejectment brought against him by one lawfully claiming the land under an older and better title than that of the bank, compelled to pay money to the plaintiff in such action; and if O'Neal was thus constrained to buy up an outstanding "paramount title," it seems clear that the bank's covenant of warranty was broken. If the defendant, by special demurrer, had called upon the plaintiff to allege specifically how the title set up in the action of ejectment was "older and better" than, and in what way it was "paramount" to, that of the

bank, the question would have been different; but none of the special demurrers above alluded to went to this point.

A similar action was instituted against the bank by Parker; and as the question involved therein is identical with that presented in O'Neal's case, these two cases were argued and have been considered together.

*Judgment in each case affirmed. All the Justices concurring.*