LAMAR, TAYLOR & RILEY DRUG COMPANY *v.* LAMAR, *et al.*, executors.

1. An assignment of error to the effect that the court erred in sustaining a motion to "rule out all of the evidence tending to show" a given state of facts, without specifying, either literally or in substance, the evidence which was ruled out, presents no question upon which this court can pass.

2. The bill of exceptions failing to clearly show upon what evidence the judgment directing a verdict was predicated, it can not be determined whether that judgment was or was not erroneous ; and as it is incumbent upon the complaining party to affirmatively show error, an affirmance of the judgment must result.

Argued June 30, — Decided August 3, 1905.

Complaint. Before Judge Hodges. City court of Macon. January 7, 1905.

*Lane & Park*, for plaintiff in error.

*Dessau, Harris & Harris* and *Hall & Wimberly*, contra.

CANDLER, J.   This was an action by H. J. Lamar and W. D. Lamar, as executors of H. J. Lamar deceased, against the Lamar, Taylor & Riley Drug Company, to recover $4,638.83 principal, besides interest, alleged to be the balance due on a promissory note for $25,000, made by the defendant and payable to the plaintiffs. The note, a copy of which was set out in the petition, recited that it was "given as part purchase-money as per terms of contract and agreement dated December 27th, 1901, by and between the Taylor & Peek Drug Company and H. J. Lamar and W. D. Lamar, executors of the estate of H. J. Lamar." The defendant admitted the execution of the note sued on, but pleaded, as stated in the bill of exceptions, accord and satisfaction, failure of consideration, recoupment, set-off, and fraud. At the trial, after hearing evidence, the court directed a verdict for the plaintiff for $3,335.26 principal, $507.88 interest and costs; and the defendant brought the case by direct bill of exceptions to this court for review. The bill of exceptions sets out at length the evidence introduced on the trial, and recites that after the introduction of this evidence, the plaintiffs "moved to rule out all of the evidence showing or tending to show any representations made by the parties, or either of them, prior to the execution of the contract, upon the ground that such testimony tended to vary the terms of the written contract of

sale between the executors and the defendant company, and upon the ground that all such were merged in the written contract." It is also recited that "after argument had, the court sustained the motion to rule out all of the evidence tending to show any representations made on the part of the plaintiff or plaintiffs, either or both of them, prior to the making and execution of the contract;" and this ruling is assigned as error.

The defect in such an assignment of error should be readily apparent. No particular evidence is pointed out as having been excluded by the trial judge; but the court is asked to search exhaustively through the entire evidence, culling therefrom that which, in its opinion, shows or tends to show a given state of facts, consider that evidence as ruled out, and decide whether its rejection was error. It is hardly necessary to say that this is a task which the law does not impose upon us, and which we can not undertake to perform. No principle of law is more firmly established than that an assignment of error upon the admission or rejection of evidence must set the evidence out, either literally or in substance; and this is true whether the assignment be made in a motion for a new trial or in a bill of exceptions. 9 Enc. Dig. Ga. Rep. 702. And in the present case it can not be said that the assignment of error sets out the evidence even in substance, for it refers to a voluminous mass of testimony from which, as already stated, the court must, in order to pass upon the question presented, pick out that which in its opinion shows or tends to show a given state of facts. Counsel making the motion to rule out should have been required to specify the exact evidence desired ruled out; and the bill of exceptions should and would in that event have with certainty indicated that which was excluded. We are clear, therefore, that the assignment of error upon the rejection of evidence presents nothing upon which this court can intelligently pass; and this, in turn, leaves us in a similar predicament as to the remaining assignment of error, viz., that the court erred in directing a verdict in favor of the plaintiffs. For we have before us a mass of evidence, some of which we are assured was ruled out by the trial judge. Whether that which is left will authorize the direction of a verdict we are unable to say; because we are not in a position to separate the wheat from the chaff — to say which of the evidence it was that

was left in, and upon which the direction of a verdict was based. It is incumbent upon the complaining party to show error, and to specify it plainly and distinctly. In the present case this was not done, and an affirmance of the judgment must result.

*Judgment affirmed. All the Justices concur, except Simmons, C. J., absent.*