*Brown & Roop,* contra.

---

### 1482. MEEKS *v.* MEEKS.

POWELL, J. 1. The direction of a verdict is such a final judgment as to support a direct bill of exceptions. A simple statement in the bill of exceptions that the plaintiff excepts and assigns the direction of the verdict as error is usually a specific assignment of error, and raises for review the question whether, under the pleadings and the evidence, the particular verdict directed was demanded as a matter of law. *Duggan* v. *Monk,* ante, 206 (62 S. E. 1017); *Scarborough* v. *Holder,* 127 *Ga.* 256 (56 S. E. 293); *Howell* v. *Pennington,* 118 *Ga.* 494 (45 S. E. 272.) For an exception to this general rule see *Turner* v. *Alexander,* 112 *Ga.* 820 (38 S. E. 35). Compare also *Western & Atlantic R. Co.* v. *Third National Bank,* 125 *Ga.* 489 (54 S. E. 621); *Irvin* v. *Porterfield,* 126 *Ga.* 729 (55 S. E. 946).

2. The rule, frequently stated, that an assignment of error complaining of a judgment by the court must distinctly point out whether the exception is based upon errors of law or of fact, applies only where the decision complained of involved questions both of law and of fact; as where a judge has tried the case on its merits without the intervention of a jury; and it does not apply where the question involved was necessarily one of law alone, or where the judgment complained of consisted in the sustaining or in the overruling of a motion, demurrer, or similar pleading, in which the specific propositions involved in the judge's action have been particularly set forth.

3. Irrespective of whether the ruling in the case of *Lamar Co.* v. *Lamar,* 123 *Ga.* 668 (51 S. E. 584), that "an assignment of error upon the admission or rejection of evidence must set the evidence out, either literally or in substance; and this is true whether the assignment be made in a motion for a new trial or in a bill of exceptions," is applicable to the assignment of error in the present bill of exceptions, wherein complaint is made as to the exclusion of certain testimony, the court is able to decide the case upon the other assignments of error and upon the evidence which was not ruled out and which is incorporated in the bill of exceptions. The motion to dismiss, therefore, is not well taken.

4. When the vendee of land is sued by the vendor upon a note representing the balance due upon the purchase-price, the vendee may set up that the warranty of title contained in the deed made him by the vendor has partially failed, in that a third person has a paramount title

to a portion of the land. When this third person has sued the vendee in ejectment or statutory complaint for land, and the vendee has vouched the vendor, and the latter has appeared and defended, and the suit has resulted in a verdict and judgment for the plaintiff, the vendee may thereafter, in a suit for the purchase-price, successfully plead this judgment as a breach of the vendor's warranty of title, although, after the judgment in ejectment, he voluntarily yielded possession and did not wait for the writ of ejectment to be executed by the sheriff. Indeed, the rendition of the judgment in the ejectment case completed the breach of the warranty of title, and a subsequent physical eviction was not essential to the arising of a cause of action in favor of the vendee. *Lowery* v. *Yawn*, 111 *Ga.* 61 (36 S. E. 294); *Drinkwater* v. *Moreman*, 61 *Ga.* 395; *Taylor* v. *Stewart*, 54 *Ga.* 81; *Bank of the State of Ga.* v. *O'Neal*, 101 *Ga.* 673 (28 S. E. 973); Civil Code, §§ 3544, 3617.

5. The court erred in directing a verdict in favor of the plaintiff.

*Judgment reversed.*

Complaint, from city court of Douglas—Judge Roan. September 22, 1908.

Argued December 11,—Decided December 23, 1908.

*Newbern & Meeks, Lankford & Dickerson,* for plaintiff in error.

*Rogers & Heath,* contra.