## CROOM *v.* ALLEN.

1. Where a deed to land contains a general covenant of warranty as to title, in which there is no restriction as to transmission of the covenant, the covenant will pass in virtue of a deed by the grantee conveying the land to another person; and the second, or remote, grantee can maintain an action against the first grantor for a breach of the covenant of warranty, based on the fact that at the time of the execution of the deed by the grantor a part of the land was in possession of another person under an older deed from the grantor.

2. In such an action for breach of warranty, where there is no question as to valuable improvements placed upon the land or expenses incurred by the plaintiff in complying with the contract, the measure of damages recoverable from the warrantor is the amount of the price which he received for the part of the land which the plaintiff lost, with interest thereon from the date of the sale. Where there is no evidence as to the price received for the land, and the only evidence as to the consideration paid therefor is that it was "an even exchange of real estate," without identifying the land received by the grantor and showing its value, the plaintiff does not show a right to recover actual damages.

3. But where in such an action the plaintiff proves the warranty and its breach, and his right to sue thereon, he is entitled to recover nominal damages, and it is erroneous to grant a nonsuit.

JUNE 14, 1916.

Action for breach of warranty. Before Judge Ellis. Fulton superior court. March 24, 1915.

The exception is to the grant of a nonsuit in an action instituted by Z. V. Croom against E. W. Allen, for a breach of warranty expressed in a deed conveying land. The petition, as amended, alleged the following in substance. Allen, claiming to own a described tract of land in DeKalb County, bounded on one side by the right of way of the Atlanta & Decatur Electric Railway Company, on February 12, 1913, executed a warranty deed to H. T. O'Shields. The consideration expressed in the deed was "an even exchange of real estate in hand paid." The land was described by metes and bounds, and the deed purported to convey the entire tract, "except fifteen (15) feet running along the right of way of

said Decatur car line, which has heretofore been sold to the Georgia Railway & Electric Company by said E. W. Allen." The deed contained the usual general clause of warranty as to title. On March 12, 1913, H. T. O'Shields, by a deed containing a similar warranty, conveyed the same property to the plaintiff. On June 15, 1907, Allen conveyed to the Georgia Railway & Electric Company a strip of land bordering along the line of the right of way of the railway company, which was wider than that excepted in the deed from Allen to O'Shields, and included a part of the land conveyed to O'Shields by Allen. The overlap of the two deeds consisted of a strip of land ten feet wide and three hundred and eighty-seven feet, more or less, in length. At the time of the sale by Allen to O'Shields and by O'Shields to the plaintiff, the Georgia Railway & Electric Company was in possession of the strip of land last described, under its prior deed from Allen, and its title thereto was paramount relatively to the plaintiff, and Allen did not deliver possession thereof to O'Shields, nor did O'Shields deliver possession to the plaintiff. At the time of the purchase by the plaintiff from O'Shields this strip of land was of the value of five hundred dollars, and at the time of the purchase by O'Shields from Allen it was of the value of five hundred dollars, which sum was the purchase-price paid for it. As a result of the breach of warranty indicated, the plaintiff claimed damages from Allen in the sum of five hundred dollars. The answer admitted the allegations of the petition to the effect that defendant had executed the alleged deeds to the Georgia Railway & Electric Company and to O'Shields, but denied all the other material allegations. On the trial the plaintiff introduced all of the deeds above mentioned, and parol evidence to the following effect: The railway company was in possession of the strip of land in dispute, which was of the value of five hundred dollars. When O'Shields sold the lot to Croom he did not know of the ten-feet shortage, and did not inform him of the fact. O'Shields contracted to give to Clark an equity valued at two thousand ($2000) dollars in a lot at Inman Park, for which he was to receive the land which was conveyed to him by Allen. He did not trade with Allen, but with Clark, a third person with whom Allen had a trade, and when the time came to execute the contract of sale he was informed by Clark that Allen would make a deed directly to him, thus eliminating Clark

from the written evidence of title. Up to that time he did not know Allen in the transaction, but received Allen's deed to the land which he afterwards conveyed to the plaintiff. O'Shields could not remember whether he conveyed the property which he was to give in exchange to Clark or to Allen, but he conveyed certain property which he valued at $2000 to one of them.

*A. W. White* and *Moore & Branch,* for plaintiff.

*J. V. Pool,* for defendant.

ATKINSON, J. 1. The plaintiff was the immediate grantee of O'Shields, and the remote grantee of Allen. The deed executed by Allen contained a covenant of general warranty as to title, which did not express any restriction as to transmission to subsequent purchasers. The deed from O'Shields to the plaintiff transmitted the covenant of warranty expressed in the deed from Allen to O'Shields. Civil Code, §§ 4136, 4192, 4194; *Tucker* v. *McArthur,* 103 *Ga.* 409 (30 S. E. 283). The inability of the plaintiff to take possession of a part of the land embraced in the deed from Allen to O'Shields and from O'Shields to the plaintiff, on account of the prior possession of the Georgia Railway & Electric Company under an older deed from Allen, was sufficient to show a breach of the covenant of warranty expressed in the deed executed by Allen. The evidence was sufficient to show that the plaintiff was authorized to sue the defendant for damages from a breach of his covenant of warranty.

2. The plaintiff lost a part of his land and sustained damages as a consequence. For indemnity he had recourse to the defendant's covenant of warranty expressed in the deed from the defendant to O'Shields. There was no question of valuable improvements or expense incurred by the plaintiff in complying with the contract. And the amount of the defendant's liability would be the contract price received for the property so lost, with interest from the date of sale. Civil Code, §§ 4400, 4402. The damages were claimed upon the basis of an apportionment, and the amount sought to be recovered was not for the whole property, but merely that part which the plaintiff had lost. There was no evidence to show the price the defendant received for the whole property, nor data from which to estimate the price he received for the part of the land which plaintiff lost. On this subject the evidence was merely that the consideration received by the defendant was, as

expressed in the deed, "an even exchange of real estate," which defendant granted in exchange. The land received was not identified, nor was its value made to appear in any manner. Under these circumstances the evidence was insufficient to sustain a verdict for actual damages. But this would not authorize the judge to grant a nonsuit. The plaintiff, upon proving the covenant of warranty and its breach and his right to sue thereon, was entitled to nominal damages. *Irwin* v. *Askew,* 74 *Ga.* 581 (2) ; *Roberts* v. *Glass,* 112 *Ga.* 456 (37 S. E. 704) ; *Bloom* v. *Americus Grocery Co.,* 116 *Ga.* 784 (2-3), 787 (43 S. E. 54).

*Judgment reversed. All the Justices concur.*