*J. C. & H. E. Edwards,* contra.

---

## MARTIN *v.* HAMLET.

Where at the time realty is conveyed by warranty deed a lien for city taxes has attached and exists thereon, and the vendee in turn conveys the property to another, and where after the original conveyance a tax fi. fa. is issued and levied and the property is advertised and sold thereunder, and, after the expiration of twelve months from the tax sale, is delivered by the city marshal to the purchaser at that sale, and where

30

it appears that the owner thus dispossessed had no actual knowledge of the proceeding to sell the property for taxes until thus called upon to surrender possession, and that he thereupon, without surrendering physical possession of the premises, purchased the same from the person who more than twelve months previously bid in the property at the tax sale; in a suit by the dispossessed owner against the original vendor upon that vendor's covenant of warranty, the measure of damages to be taken is the sum paid by the vendee in obtaining a deed from the purchaser at the tax sale, with interest thereon from the date of such payment, provided such amount does not exceed the purchase-price which was paid to the warrantor, with interest thereon from the date of the covenant.

No 4328. December 13, 1924. Rehearing denied January 23, 1925.

Question certified by Court of Appeals (Case No. 14905).

*Claude E. Moore, Saint Clair Gibbs,* and *R. R. Jackson,* for plaintiff.

*Etheridge, Sams & Etheridge,* for defendant.

Atkinson, J. The Court of Appeals certified the following question for decision, as necessary to a proper determination of the case: "Where at the time realty is conveyed by warranty deed a lien for city taxes has attached and exists thereon, and the vendee in turn conveys the property to another, and where after the original conveyance a tax fi. fa. is issued and levied and the property is advertised and sold thereunder, and, after the expiration of twelve months from the tax sale, is delivered by the city marshal to the purchaser at that sale, and where it appears that the owner thus dispossessed had no actual knowledge of the proceeding to sell the property for taxes until thus called upon to surrender possession, and that he thereupon, without surrendering physicial possession of the premises, purchased the same from the person who more than twelve months previously bid in the property at the tax sale; in a suit by the dispossessed owner against the original vendor upon that vendor's covenant of warranty, is the measure of damages to be taken as the amount paid by him in obtaining a deed from the purchaser at the tax sale, or is he entitled to recover the purchase-money as provided in section 4400 of the Civil Code?"

A decision was rendered by this Court on December 13, 1924, holding that in the circumstances set out in the question propounded by the Court of Appeals the measure of damages to be applied was the amount paid by the vendee in obtaining a deed from the purchaser at the tax sale. On motion for rehearing the former

opinion of the court and answer to the question is withdrawn, and the opinion and answer now delivered is substituted.

The Civil Code (1910), § 4400, declares: "Upon a covenant of warranty of title to land, the damages should be the purchase-money with interest thereon from the time of sale, unless the jury should think, under the circumstances of the case, that the use of the premises was equal to the interest on the money, and that such equitable set-off should be allowed. If valuable improvements have been made, the interest should be allowed." The above principle was first applied in this State in the case of *Davis* v. *Smith, 5 Ga.* 274 (5) (48 Am. D. 279), where it was held: "The measure of damages for the breach of a covenant of warranty of title is the purchase-money with interest from the time of the sale of the land." In the case of *Martin* v. *Atkinson, 7 Ga.* 228 (4) (50 Am. D. 403), it was held: "A vendee who is legally evicted, and who repurchases the property, is in under a new and distinct title; and the price last paid is no criterion of damages for the injury he has sustained on account of the failure of his vendor's title." In that case it was stated in the opinion that the property was sold by virtue of a lien against the vendor which was outstanding at the time of the contract, and that after the sheriff's sale, at which the property was sold to a third person, the said vendor "was evicted by the sheriff and possession given to" the purchaser at sheriff's sale. It appears therefore that the court made the above ruling on the basis that the obligee in the bond for title was actually evicted from possession, and that the title of the obligor and the equity of the obligee was entirely swept away. In the subsequent case of *Kerley* v. *Richardson, 17 Ga.* 602, it was held: "A sells to B a number of lots of land and gives B his bond to make him title on payment of the purchase-money. As to one of the lots a grant from the State has never issued, but A has a conveyance of it from the drawer. B goes into possession. Afterwards the lot aforesaid, under the act of 1843, reverts to the State, and B gets a grant to it from the State, by paying twenty-five dollars, which is less than the value of the lot. B then sues A for a breach of the condition in his bond: *Held,* that B is entitled to recover of A only what B paid the State, for the grant and interest thereon." In the opinion Benning, J., said: "It is true, as a general rule, that for the breach of warranty . . the measure of damages may be stated

to be the purchase-money and interest.   And this rule is founded upon the reason that the purchase-money and interest may, in general, be taken to be a compensation for the loss occasioned by the breach—the purchase-money and interest being a fair measure of the value of the land purchased, at the time of the purchase, which land is what, in the greater number of cases, is lost by the breach.   But the land, or the value of the land, is not that which is lost in all cases.   In some cases the breach extends to only a part of the land sold—in some, it extends to only a part of the interest in the whole land sold, as when the outstanding better title is but a lease for years—in some, it consists in the existence of an incumbrance which the purchaser can and does remove before actual eviction, for a less sum than the value of the land.   In all these cases, what the purchaser loses by a breach of the covenant is less than the value of the land.   And so the reason of the general rule, that the purchase-money and interest is the measure of damages, requires that in these cases something less than that purchase-money and interest should be the measure of the damages—the reason of that rule requires that whatever shall be a compensation for the actual loss sustained in these cases shall be the amount of the damages to be recovered in them.   The decision of this court in *Martin* v. *Atkinson* (supra) is not considered to be in conflict with this view.   In that case the purchaser lost the whole land.   It is true he afterwards bought it back again, and for a less sum than the price of his first purchase.   In the present case, it is only by hard construction and intendment that the purchaser can be said to have lost land of which he was never out of the possession.   In the former case, there is no way of telling how much the purchaser lost by being for a time out of possession—how much the land might have been lessened in value by what occurred while he was out of possession.   In the opinion therefore, of this court, the charge of the court should have been, that Richardson, the complainant, was entitled to have a credit entered on his note for the amount which it cost him, Richardson, to get the grant from the State; besides interest on that amount, commencing at the time it was paid, and for no more."

In 2 Tiffany on Real Property, 1710, § 455, it is said: "In case the grantee is not actually dispossessed, but buys in the outstanding title, he is ordinarily entitled, in action on the covenant of war-

ranty, . . to recover only the amount paid by him therefor." In 7 R. C. L. 1171, § 88, it is said: "Where the grantee under a covenant of warranty has in good faith purchased the outstanding paramount title, as he may properly do, to avoid an actual eviction, he may recover as damages what he paid for such paramount title, provided it does not exceed the price paid to the warrantor, together with interest on what he paid from the date of its payment." See also 15 Corpus Juris, 1324, § 228. The circumstances stated in the question propounded by the Court of Appeals make a case that falls within the principle announced in the case of *Kerley* v. *Richardson*, 17 *Ga.* 602, which accords with rulings in other States as above indicated. Accordingly, under the facts as stated in the question propounded by the Court of Appeals, the proper measure of damages for the breach of the covenant is the sum which was paid for the outstanding title, with interest from the time of such. payment, provided such amount does not exceed the purchase-price which was paid to the warrantor, with interest thereon from the date of the covenant. *All the Justices concur.*