### 14905. MARTIN *v.* HAMLET.

JENKINS, P. J. Construing the plaintiff's petition, as he himself construes it, as an action for a breach of warranty where the plaintiff has not actually surrendered physical possession to the holder of the paramount title, and following the ruling of the Supreme Court in answer to questions certified, *held,* that the trial judge did not err in requiring the plaintiff to amend so as to allege the correct measure of damages (*Martin* v. *Hamlet,* 159 *Ga.* 465, 126 S. E. 371); nor did the court err in requiring the plaintiff to amend by setting forth copies or the substance of the documents on which he relied to establish paramount title in another. Since the demurrers which were sustained were special in nature (although the one going merely to the measure of damages was designated by the demurrer itself and by the order of court as general), it would seem that the affirmance of the judgment of the court below should not operate as a bar to the further prosecution of the plaintiff's action within the time allowed by law; but this question, not being before us, is not now adjudicated.

*Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED FEBRUARY 14, 1925.

Action for breach of warranty; from Fulton superior court—Judge Humphries. June 28, 1923.

*Claude E. Moore, St. Clair Gibbs,* for plaintiff.

*Etheridge, Sams & Etheridge,* for defendant.