26734. WEST *et al. v.* LEE.

DECIDED MAY 4, 1938.

*Tipton & Houston, John C. Parker,* for plaintiffs in error.

*Hoyt H. Whelchel,* contra.

FELTON, J. C. L. West, I. A. Heard, and T. W. Mattox sold a city lot in Moultrie to Annie P. Lee for $550, executing and delivering to her a warranty deed. Subsequently Annie P. Lee sold the property to D. F. Lee for $600, and executed and delivered to him her warranty deed. A third party instituted an action in ejectment against D. F. Lee and tenants in possession, to recover the lot, and the jury trying the case rendered the following verdict: "We, the jury, find for the plaintiff all the premises in dispute; and also we find that the value of the premises (not counting any improvements placed thereon by the defendants) is $350, and that the mesne profits found for the plaintiff for defendants' use of the premises (not based on any improvements thereon) is $50. We further find the value of the improvements placed thereon by defendants to be $1500; that the plaintiff may take the premises and improvements by paying the defendants the sum of $1500, less mesne profits, $50; or that, at the plaintiff's option, the defendants may acquire, by decree of the court, title to both the premises and improvements by paying to the plaintiff the said sum of $400, within such time as the court shall fix," upon which verdict judgment was duly entered. The defendants herein were vouched into court in the ejectment suit. Then D. F. Lee sued the defendants West, Heard, and Mattox for $550, the amount received by them, for breach of their covenant in the deed from them to Annie P. Lee, alleging substantially the foregoing facts and that by virtue of the verdict and judgment in the ejectment suit the plaintiff had been evicted from the premises. The defendants denied the material allegations of the petition and alleged that but for the negligence of the plaintiff the ejectment suit would have resulted in a verdict and judgment for him. The case was tried and resulted in a directed verdict and judgment for plaintiff for $550. Exception was taken to the judgment overruling the motion for new trial. The material portion of the judgment of the court in the ejectment case was as follows: "That upon the failure of the defendant D. F. Lee to make such payment to the plaintiff within ten days from this date [referring to the payment of the amount designated as the value of the property involved, to wit, $350, and the amount deemed by the jury to be the mesne

profits amounting to $50, making a total of $400] an execution shall issue and the clerk of this court is thereupon directed to issue such execution upon said verdict and this judgment against the said defendant and said lands with the improvements thereon, and that the proceeds from the sale of said lands under said execution shall be applied first to the payment of the value of the said land and the mesne profits, as found by the jury, and the cost, and the balance thereof be paid to the defendant as compensation for said improvements." The evidence showed that D. F. Lee paid the $400 and obtained a deed to the premises from the plaintiff in the ejectment suit. The sole questions to be decided are whether the verdict and judgment in the ejectment suit amounted to an eviction and what is the measure of damages. If there was an eviction, the verdict and judgment, the proof of payment of the $400, and the execution of the deed to D. F. Lee were all properly admitted in evidence, and there was no error in refusing a new trial.

Our view is that the verdict and judgment in the ejectment case were an eviction under the law considered as to either one of the alternative provisions. It was an adjudication that there was no consideration for the deed from the defendants to Annie P. Lee, that title had completely failed, and the moment the verdict and judgment were signed D. F. Lee held under a new and distinct title and was thereby evicted from the title under which he originally held, especially when he bought the outstanding title. We do not think that it would be at all reasonable or fair to require that D. F. Lee be required to permit his property to be sold under execution and have to go to the trouble and expense of buying it in and paying out a large sum of money therefor, or of permitting another to buy it, in the event of a bid on the property higher than he was willing or able to pay. The law on this question seems to be too well settled to require further discussion. *White* v. *Stewart,* 131 *Ga.* 460 (62 S. E. 590); *Joyner* v. *Smith,* 132 *Ga.* 779 (65 S. E. 68); *Leary* v. *Durham,* 4 *Ga.* 593, 607; *Shaw* v. *Guthrie,* 14 *Ga. App.* 303 (4) (80 S. E. 735); *Bank of the State of Georgia* v. *O'Neal,* 101 *Ga.* 673 (28 S. E. 973); *Lowery* v. *Yawn,* 111 *Ga.* 61 (36 S. E. 294). Under these decisions there was no variance between the allegations of eviction and the proof thereof.

■ The measure of damages for the breach of a covenant of warranty to land is the purchase-money with interest. Code, § 20-1412. This means the amount received by the warrantor of the title against whom suit is brought provided it does not exceed the amount paid by the ultimate purchaser bringing the suit. In this case the warrantors sued received $550 for the land, and the purchaser paid $600 for it to his immediate warrantor. The purchaser plaintiff lost the entire title he sought to purchase, and the amount he had to pay to acquire title from the true owner is immaterial. If the land had been given to him by the true owner it would not have defeated his right to sue for the breach of the warranty. His warrantors had nothing to sell, and they may not profit by anything accruing to the benefit of the plaintiff when they conveyed nothing for the money they received. *Davis* v. *Smith*, 5 *Ga.* 274 (5) (48 Am. D. 279); *Marlin* v. *Atkinson*, 7 *Ga.* 228 (4) (50 Am. D. 403); *Wimberly* v. *Collier*, 32 *Ga.* 13. And see *Cheatham* v. *Palmer*, 176 *Ga.* 227, 235 (167 S. E. 522). The case of *Martin* v. *Hamlet*, 159 *Ga.* 465 (126 S. E. 371), is distinguishable because at the time of the purchase in that case there was no outstanding perfect title, but the outstanding encumbrance was but an inchoate title which did not ripen until after the execution of the warranty. Likewise the cases of *Kerley* v. *Richardson*, 17 *Ga.* 602, and *Richardson* v. *Keerly*, 22 *Ga.* 62, are distinguishable as a reference to a discussion of the case at 22 *Ga.* 62, supra, will reveal the fact that the outstanding title in the State of Georgia amounted to no more than an encumbrance under the circumstances in that case.

These rulings dispose of all the questions raised. The court did not err in directing a verdict for the plaintiff, and there is no merit in any of the other assignments of error.

*Judgment affirmed. Stephens, P. J., and Sutton, J., concur.*