HOUSTON *v.* HORTON.

No. 15811.　MAY 23, 1947.

*Willis Smith,* for plaintiff in error. *Emmett Smith,* contra.

HEAD, Justice. (After stating the foregoing facts.) ■ Special ground 1 of the amended motion for new trial complains that the court erred in charging the jury in certain language. The language set out contains almost the entire portion of the charge of the court in regard to fraud. The reasons assigned that the charge was erroneous were: that there was no evidence to authorize a charge on fraud; that the charge was especially harmful and injurious, in that the court instructed the jury that "fraud may exist from misrepresentation by either party, made with design to deceive, or which does actually deceive the other party, and in the latter case such misrepresentation renders the sale voidable at the election of the other party, though the party making it was not aware that his statement was false;" that fraud would have to consist of an intent to defraud and deceive by the party making the statement, and he would have to have knowledge of the falseness of the statement, which would have to be alleged and proved; that, if the deceased, Emma Houston, was insane at the time of the execution of the deed, no fraud could have been perpetrated upon her, the jury having found that she was insane and incapable of making a contract; that fraud is a personal defense or plea, and would have to be made by the person alleged to have been deceived individually; and that the charge had no application to the facts in the case, and was misleading, confusing, and injurious to the plaintiff in error.

It is unnecessary to decide in this case whether or not the evidence would authorize a charge on fraud, since the record shows that the court in his charge instructed the jury that by consent of counsel the case would be submitted to them on three issues,

as to whether the deed should be set aside because of (1) mental incapacity of the grantor, (2) undue influence, and (3) fraud. No objection is shown to have been made to this procedure, and we must presume that counsel for the plaintiff in error agreed that the case should be submitted to the jury on these three issues. Manifestly, the trial court must charge on the issues of the case, and it was not erroneous to charge on fraud.

The objection to that portion of the charge quoted above, on the contention that fraud must consist of an intent to deceive, and that the party making the statement must have knowledge of the falseness of the statement, is without merit. The Code, § 37-703, provides as follows: "Misrepresentation of a material fact, made wilfully to deceive, or recklessly without knowledge, and acted on by the opposite party, *or if made by mistake and innocently, and acted on by the opposite party, constitutes legal fraud.*" (Italics ours.)

The objection that, if the deceased was insane, the defendant could not have been guilty of fraud, is a contention that the jury returned an inconsistent verdict. This contention is not a proper objection to the charge on fraud.

The contention that fraud is a personal defense or plea, and could be made only by the party deceived, is without merit. *Eagan* v. *Conway*, 115 *Ga.* 130 (3) (41 S. E. 493).

The final objection, that the charge was inapplicable, misleading, confusing, and injurious to the plaintiff in error, is without merit. *Veal* v. *Barber*, 197 *Ga.* 564 (30 S. E. 2d, 252).

■ Special ground 2 contends that the court erred in giving that portion of the charge which dealt with undue influence, and the portion where, in summing up the case, the court instructed the jury that, if they found that a preponderance of the evidence showed that the deed was obtained by reason of mental incapacity of the grantor, undue influence, or fraud, the deed should be set aside.

No attack is made on the instruction as being an incorrect statement of law, but the contention is made that it was harmful and prejudicial to him because: there was no evidence to authorize the charge, no evidence that undue influence was used, no evidence that fraud was perpetrated, and no evidence that the deceased acted upon any false representations made by the defendant.

Since the issues of fraud and undue influence were submitted to the jury by consent of counsel, as shown in the previous division, the court did not err in charging on these principles of law.

*Judgment affirmed. All the Justices concur.*