## 55895. SMITH v. SMITH.

WEBB, Judge.

This is an appeal by a remote warrantor of title to real estate, complaining of an adverse judgment for damages in the amount of $38,100. The money judgment was obtained by the last grantee in the chain of title in the latter's suit against him in two counts, one for breach of warranty of title, and the other for fraud in misrepresenting the quantity of acreage conveyed to plaintiff's predecessors in title. The land involved is 98.43 acres which has been the subject of litigation for over a decade, and this is the third appeal as between these parties, the two prior ones appearing at 129 Ga. App. 618 (200 SE2d 504) (1973)[1] and 135 Ga. App. 681 (218 SE2d 682) (1975). We affirm on condition; otherwise the judgment is to be reversed.

---

[1] The fraud count was added subsequent to this decision.

1. "Every action shall be prosecuted in the name of the real party in interest." CPA § 17 (a) (Code Ann. § 81A-117 (a)). Earlier in these proceedings one of the parties plaintiff was a predecessor in title of plaintiff whom defendant had allegedly defrauded in a previous transaction to which plaintiff was not privy. He voluntarily dismissed himself from the suit, however, leaving the last grantee as the sole plaintiff. Since no basis appears upon which the last grantee may assert a monetary damage claim for fraud belonging to the predecessors,[2] the validity of the judgment appealed from must be determined from the case as made under the count for breach of warranty of title.

2. As Judge Eberhardt said for this court in one of the prior appeals, "Where there has been a breach of the warranty of title to land the last grantee has a right of action against and may sue his immediate warrantor, the remote or original warrantor, or any intermediate warrantor, or any or all of them in one action. [Cits.] *The measure of damages is as provided in Code § 20-1412,"* *Smith v. Smith,* 129 Ga. App. 618, supra (emphasis supplied), which is "the purchase-money with interest. Code § 20-1412. This means the amount received by the warrantor of the title against whom suit is brought *provided it does not exceed the amount paid by the ultimate purchaser bringing the suit." West v. Lee,* 57 Ga. App. 873, 876 (197 SE 75) (1938). (Emphasis supplied.) "[The last grantee] could not recover more than he had paid, with interest. If the purchase-money or consideration of the deed of [the remote warrantor to his grantee] was more than that of the deed to [the last grantee], his [the last grantee's] recovery would be limited to *his loss,* with interest."(Emphasis supplied.) *Taylor v. Allen,* 131 Ga.

---

[2] The rule is different to the extent that evidence as to fraud practiced upon someone else may be shown where, e.g., the plaintiff seeks to remove a cloud upon his title (*Houston v. Horton,* 202 Ga. 307 (43 SE2d 90) (1947)), for there the plaintiff has a protectable interest. Here, however, plaintiff seeks to recover as his own damages a loss suffered by someone else.

416, 420 (62 SE 291) (1908).

The trial court erred in allowing plaintiff to recover the value of the consideration paid by predecessors in title to the remote warrantor without limiting it to the extent of plaintiff's own loss, and the judgment below will be affirmed on condition that plaintiff write off the excess, otherwise to be reversed.

3. "Thrice this unquiet case has materialized at the sittings of this tribunal. We hope its perturbed spirit will now enter into unbroken rest." *Phillips v. City of Atlanta,* 87 Ga. 62, 63 (13 SE 201) (1891).

*Judgment affirmed on condition, otherwise reversed. Quillian, P. J., and McMurray, J., concur.*

SUBMITTED JUNE 7, 1978 — DECIDED JUNE 27, 1978 — REHEARING DENIED JULY 13, 1978 —

*Roach & Nellis, Richard D. Phillips, Richard D. Elliott,* for appellant.

*Kenneth S. McBurnett, B. Avant Edenfield,* for appellee.