## 34102. SMITH v. SMITH.

JORDAN, Justice.

This court granted certiorari to consider the question of the damages recoverable by the grantee in a warranty deed, who had paid the nominal sum of $10 as consideration for the deed, against a remote warrantor of title, for the breach of the warranty as to 98.43 acres of the property conveyed by the remote warrantor.

The Court of Appeals in reviewing a judgment for damages of $38,100 for breach of warranty held that the grantee in a warranty deed, the applicant for certiorari here, could not recover an amount exceeding the amount he had paid for his deed. *Smith v. Smith,* 146 Ga. App. 673 (247 SE2d 182) (1978). The applicant's immediate predecessor in title exchanged lands as the purchase price of his warranty deed.

It is the rule in most jurisdictions that the measure of damages for the breach of a warranty of title is the consideration paid. 20 AmJur2d 691, Covenants, § 133. In Georgia the rule by statute is as follows: "Upon the breach of covenant of warranty of title to land, the damages should be the purchase money with interest thereon from the time of sale, unless the jury should think, under the circumstances of the case, that the use of

the premises was equal to the interest on the money, and that such equitable set-off should be allowed. If valuable improvements have been made, the interest should be allowed." Code § 20-1412.

In *Taylor v. Allen,* 131 Ga. 416, 419 (4) (62 SE 291) (1908), this court held that where a warrantee sued a remote warrantor, the warrantee could not recover more than the consideration he had paid, with interest. This same principle was stated in *West v. Lee,* 57 Ga. App. 873, 876 (6) (197 SE 75) (1938).

This rule was developed in the early case of *Davis v. Smith,* 5 Ga. 274, 286 (1848). It is a uniform rule, easy of comprehension and proof in situations involving "purchase money."

However, the quoted Code section and the cited cases were not intended and do not cover situations where the property is received as a gift by deed or otherwise. The donee of realty takes with such gift the warranty which his donor had and stands in the shoes of his donor as to such warranty. See *Martin v. Gordon,* 24 Ga. 533 (1858). To hold otherwise would give no recourse to an ousted donee against a remote grantor simply because he received the property as a gift by deed or devise without a monetary consideration. We hold that this Code section does not apply to an ousted donee of realty.

"So, also, where the deed is one of gift, but it contains covenants of warranty, the value of the land at the time of the gift, with interest thereon, is the criterion of damages for breach of the warranty." 61 ALR 147. The footnote indicates that this rule was stated by Lord Coke in 4 Co. Litt. 207.

In *Croom v. Allen,* 145 Ga. 347 (89 SE 199) (1916) the consideration paid for the land was "an even exchange of real estate." This court held that since the "land received was not identified, nor its value made to appear in any manner" the plaintiff upon proving a breach of warranty was entitled to recover only nominal damages. A fortiori, proof of the value of the exchanged land would have allowed recovery of actual damages.

Since the proven value of the land at the time of the exchange was $100 per acre, the evidence does not support a verdict in the amount of $38,100 for breach of warranty

of 98.43 acres of land and a new trial must be granted consistent with what is said in this opinion. Certiorari was not granted as to Division 1 of the Court of Appeals opinion holding that the plaintiff could not assert a monetary damage claim for fraud.

*Judgment reversed. All the Justices concur.*

ARGUED NOVEMBER 13, 1978 — DECIDED JANUARY 31, 1979.

*Allen, Edenfield, Brown & Wright, Kenneth S. McBurnett, B. Avant Edenfield, Susan Warren,* for appellant.

*Richard D. Phillips, Richard D. Elliott,* for appellee.