### S90A1039. MOSS v. TWIGGS et al.
(397 SE2d 707)

BENHAM, Justice.

Appellant's wife bought property from the trustees of an estate. The property was conveyed to her by means of a deed which contained a warranty of title. Mrs. Moss conveyed the property to appellant who in turn conveyed it to others. The property eventually came into the hands of appellees Twiggs and Hedden. When they discovered that more than 15 acres of the property was claimed by the United States by virtue of a condemnation in the 1940's, they sued appellant and the trustees who conveyed the property to Mrs. Moss. The trial court granted summary judgment to the trustees and, after a bench trial, awarded Twiggs and Hedden $16,549 for the loss of the property and $6,264.15 for improvements they made on the property, with interest. Appellant contends on appeal that summary judgment for the trustees was erroneous and that the award of damages for the improvements was contrary to law.

1. Appellant is absolutely correct that the deed made by the appellee-trustees contained a warranty of title. The trial court, however, found that warranty to be beyond the power of the trustees to give. We agree.

> Sales by trustees, unless otherwise provided in the order of the court authorizing a sale, shall be made under the same rules and restrictions as are provided for sales by administrators of estates. [OCGA § 53-13-73.]

> An administrator or executor may not bind the estate by any warranty in any conveyance or contract made by him. [OCGA § 53-8-48.]

The statutory law is clear that the trustees here lacked the power to bind the estate by a warranty of title. Appellant's insistence that the will under which appellee-trustees were appointed gave them such power is not borne out by the language of the will on which he relies. The will gave the trustees "the power to do all things and execute all instruments as may be deemed necessary or proper. . . ." It is clear from the statutes quoted above that giving a warranty in a deed would not be proper. It follows that the warranty was not valid and appellee-trustees were entitled to summary judgment in their capacity as trustees.

2. Appellant asserts that if the trustees could not execute a valid warranty in their capacity as trustees, they are personally liable for the warranty in this case. That argument, based on the use in the warranty of the word "themselves," is without merit. The deed as a whole and the signatures in particular, which identified the signers as the "Trustees Under the Will of R. L. Hogan," make clear that the deed was that of the trustees in their capacity as trustees, not as individuals. See *Harrison v. Harrison*, 214 Ga. 393 (5) (105 SE2d 214) (1958).

3. Appellant does not contest the award of damages to appellees Twiggs and Hedden for a portion of the purchase price of the property, but contends that an award of damages for improvements was error. We agree.

Upon a breach of a covenant of warranty of title to land, the damages awarded should be the purchase money with interest thereon from the time of sale unless the jury determines, under the circumstances of the case, that the use of the premises was equal to the interest on the money and determines that an equitable setoff should be allowed. However, if valuable improvements have been made on the premises, the interest should be allowed. [OCGA § 44-5-66.]

That Code section "provides the full measure of [a warrantee's] legal damages. . . ." *Teems v. City of Forest Park*, 137 Ga. App. 733 (2) (225 SE2d 87) (1976). An earlier decision of the Court of Appeals indicating that further damages could be awarded (*State Mut. Ins. Co. v. McJenkin Ins. &c. Co.*, 86 Ga. App. 442 (71 SE2d 670) (1952)) was expressly disapproved in *Teems*, supra. The statutory measure of damages "is a uniform rule, easy of comprehension and proof. . . ." *Smith v. Smith*, 243 Ga. 56, 57 (252 SE2d 484) (1979). Its application here dictates that appellees Twiggs and Hedden be awarded only the appropriate portion of the purchase price with interest. Accordingly, the portion of the judgment awarding damages for the improvements must be reversed.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

DECIDED NOVEMBER 21, 1990.

*Cheeley & Chandler, Richard B. Chandler, Jr.,* for appellant.
*Mills, Freeman, Vaughn & Sosebee, James A. Vaughn, Albert F.*

*Taylor, Jr.,* for appellees.