#### 19656. De LaPerriere v. Herrmann & Henican.

Stephens, J. 1. Since a verdict which is without evidence to support it is not a legal verdict, the action of the trial judge in directing the jury to find a verdict which is not supported by the evidence is necessarily error. An assignment of error that the direction of the verdict was error upon the ground that the verdict was contrary to law and without evidence to support it is a valid assignment of error.

2. An assignment of error upon the direction of a verdict is an assignment of error upon a final judgment. *Scarborough* v. *Holder*, 127 *Ga.* 256 (56 S. E. 293); *McKenzie* v. *Consolidated Lumber Co.*, 142 *Ga.* 375 (4) (82 S. E. 1062); *Winter Inc.* v. *Peoples Bank of Calhoun*, 166 *Ga.* 385 (2) (143 S. E. 387).

3. There is no merit in the motion to dismiss the bill of exception upon the ground that it contains no valid assignment of error, and contains no assignment of error upon a final judgment. The motion to dismiss the bill of exceptions is denied.

4. Under a contract of sale of personal property, where the purchaser refuses to accept delivery and the seller retains the property as his own, the seller's measure of damages is the difference between the contract price and the market value of the property at the time and place for delivery. *Georgia Refining Co.* v. *Augusta Oil Co.*, 74 *Ga.* 497 (2). This rule applies equally to the sale of corporate stock. *Brandt* v. *Buckley*, 27 *Ga. App.* 515 (109 S. E. 692).

5. In a suit by the seller against the purchaser to recover damages for a breach by the defendant of a contract of sale of a number of shares of the capital stock of a corporation, arising out of the failure of the defendant to accept the property tendered to him in accordance with the contract, where the plaintiff retains the property as his own, the petition, in alleging that the plaintiff's damage is in an amount represented by the contract price, without alleging the market value, if any, of the stock at the time and place for delivery, fails to allege the proper measure of the plaintiff's damage, and is upon this ground subject to special demurrer. *Ford* v. *Fargason*, 120 *Ga.* 708 (6) (48 S. E. 180); *Mendel* v. *Converse*, 30 *Ga. App.* 549 (9) (118 S. E. 586).

6. Where the plaintiff, on the refusal of the purchaser to accept the property, retains the property as his own, it is immaterial that at the time of the institution of the suit the title to the propery was not in the plaintiff.

7. Although the seller, under a contract of sale of personal property, may have delivered the property to the purchaser by a delivery to the purchaser's authorized agent, yet where, upon the refusal of the purchaser to accept the property from the agent, the seller retakes it and retains it as his own, the seller has, by this transaction, taken the property from the purchaser, and can not regard the purchaser as having accepted delivery, and as therefore liable to the seller for the entire purchase-price, without reference to the market value of the stock at the time and place for delivery. Civil Code, § 4131.

8. It is immaterial to the purchaser whether, when paying the purchase-money for the property contracted for, he receives title to the property from the seller, or from another person who is a stranger to the contract. The purchaser is concerned only in receiving title to the property, and if, on payment of the purchase-money, he receives title; he can not afterwards in a suit against him by the seller complain that the seller did not at the time for delivery have title to the property.

9. In a suit wherein the petition alleges that a contract for the sale of a number of shares of the stock of a corporation at an agreed price was entered into by the parties, and that, pursuant to the terms of the

contract, the plaintiff transmitted the stock, duly transferred, with a draft upon the defendant attached, to a bank which the defendant had designated for this purpose, with instruction to the bank to deliver the stock to the defendant only upon the defendant's paying the draft attached, that when the draft was drawn by the plaintiff, in a distant city, the draft, with the stock, was placed by the plaintiff in a named bank in that city which, according to the plaintiff, was "willing to buy this draft" from the plaintiff, with the request that the bank designated by the defendant, to which the draft "was directed to be forwarded," deliver the stock to the defendant upon payment of the purchase-money contracted for, that the stock, which was transmitted to the designated bank, "was turned over to an agent of the defendant's as the defendant's stock, subject to the payment of the purchase-price thereon," that the defendant refused to pay the draft upon its presentation to him, and that the stock and the draft were afterwards returned to the plaintiff, to the plaintiff's damage in the amount of the purchase-price, the petition, although containing no allegation as to the market value of the stock at the time and place for delivery, set out a cause of action and was good against general demurrer, but was subject to special demurrer as indicated in paragraph 5 above.

10. The above rulings being controlling, the sustaining of the remaining special grounds of the demurrer was harmless to the defendant.

11. The court having erred in overruling the special ground of the demurrer excepting to the failure of the petition to allege the market value of the stock at the time and place for delivery, and, upon the trial of the case afterwards, no evidence being introduced as to the market value of the stock at the time and place for delivery, the court erred in directing a verdict for the plaintiff in the full amount sued for.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED JANUARY 31, 1930. REHEARING DENIED FEBRUARY 21, 1930.

*Joseph D. Quillian,* for plaintiff in error.
*Winfield P. Jones, G. A. Johns,* contra.

