22835. HERRMANN & HENICAN *v.* DeLaPERRIERE, executor.

DECIDED SEPTEMBER 25, 1933.

*Winfield P. Jones, G. A. Johns,* for plaintiffs.
*Joe Quillian,* for defendant.

MacINTYRE, J. The plaintiffs in error brought suit, alleging that they were entitled to recover on a contract for the sale of fifty shares of common stock of the Barrow County Cotton Mills, in the sum of $2500; and further alleging that in pursuance of said contract they subsequently tendered said stock to the purchaser at Winder, Ga., and that he rejected the same. This is the second appearance of this case in this court. See *DeLaPerriere* v. *Herrmann,* 41 *Ga. App.* 60 (4) (151 S. E. 813), where it was held: "Under a contract of sale of personal property, where the purchaser refuses to accept delivery and the seller retains the property as his own, the seller's measure of damages is the difference between the contract price and the market value of the property at the time and place for delivery. *Georgia Refining Co.* v. *Augusta Oil Co.,* 74 *Ga.* 497 (2). This rule applies equally to the sale of corporate stock. *Brandt* v. *Buckley,* 27 *Ga. App.* 515 (109 S. E. 692)."

The plaintiffs excepted to the overruling of a demurrer to paragraph 10 of the amendment to the defendant's answer, which paragraph is as follows: "Defendant says that there was no consideration for the sale alleged in plaintiff's petition, for the reason that the stock alleged to have been purchased by the defendant's testator had no market value and was worthless on the date of said alleged sale and on the date that it is alleged in plaintiff's petition to have been delivered to defendant's testator." The gist of the demurrer was that "the allegations therein contained set up

no defense to plaintiff's action." We can not agree with the contention of the plaintiffs, but, on the other hand, think that "the same legal principles govern with regard to the elements of a contract for the sale of stock as apply in the case of contracts generally; and its formation is governed by precisely the same principles as the formation of other contracts." 6 Fletcher on Corporations, § 3857. "Of course there must be a consideration to render an agreement for the sale of stock a binding contract. And there must also be a mutuality of obligation." 6 Fletcher on Corporations, § 3858. If there was a promise to sell, with a corresponding promise to buy, and the stock had no market value and was worthless on the day of the alleged sale and on the day that it was delivered (tendered) to the defendant as pleaded by the defendant, this would be a defense. However, if the stock had a market value, or some value, on the day on which it was tendered, this would not constitute a defense of want of consideration. A distinction should be drawn between want or total failure of consideration and inadequacy of consideration. See, in this connection, 14 Corpus Juris, page 691, § 1064.

Generally the market value, as used in connection with stock, means that the market value of the stock which was the subject-matter of the sale and purchase, or exchange in the market, is determined by the sales of such stock in the community, so as to fix upon the stock at different times a customary price. Intrinsic value may be determined by the property of the corporation as compared with its liabilities. As to the method by which the value of the stock may be arrived at, see 14 Corpus Juris, page 718, § 1099, which reads as follows: "There is no presumption that the face value of the stock is its real value; and as a general rule the manner of ascertaining its value, as a basis for estimating damages, is to show its market value at the time and place it should have been delivered, and not as of the date of the contract. Neither the book value, nor the intrinsic value of the stock, should enter into the estimate, unless it has no market value, in which case resort may be had to sources other than the market value to determine its actual value, and the property of the corporation as compared with its liabilities at that time may be shown; but the affairs of the corporation can not be considered in determining market value, where there is evidence of several

sales of such stock and the price for which it was sold, although it is not shown to be the subject of daily traffic. In order that stock may have a market value it is not necessary that it be the subject of daily traffic by being bought and sold on the streets or in the frequent dealings of trades people; it is enough if it is occasionally the subject of sale or exchange in the community so as to fix upon the stock at different times a customary price." And in this case, if the defendant could have proved that the stock had no market value on the day of the sale and on the day of tender, he could then go further and prove that the stock had no intrinsic value on those days; and the contract of sale would be without consideration; there would be a want of consideration; the stock would be worthless, and the defendant would have proved a defense. We therefore think the judge was right in overruling the demurrer to paragraph 10 of the amendment to the defendant's answer.

The fact that the stock became worthless or had depreciated in value since the day the contract was made would not amount to a failure of consideration. The depreciation would give the defendant no greater right to avoid his obligation to pay the stipulated price for the property than an enhanced value would give the plaintiff an excuse for the non-fulfillment of his agreement. The fact that the stock was intrinsically worthless when the contract was made does not amount to a total failure or want of consideration, *if it had a market value when sold.* It must, on the day of the sale and on the day on which it was tendered, have had neither a market value nor an intrinsic value, to be a defense on the ground of a total failure or want of consideration. 6 Fletcher on Corporations, § 3858, p. 6501.

■ The demurrer to paragraphs 11, 12, 13, and 14 of the amendment to the defendant's answer should have been sustained, for the reason that they failed to disclose the outstanding debts of the estate with proper particularity.

■ The plaintiffs offered two amendments to the petition, which were allowed subject to demurrer. The petition as thus amended alleged that the market value of the stock on the date of the agreement to sell was four or five dollars a share, and on the day the stock was delivered (tendered) it was worthless, and they asked for actual and nominal damages (Civil Code of 1910,

§ 4397; 14 C. J. 214, § 1094), and for the recovery of $2500. It will be noted that the said $2500 was the difference between nothing, the market price of the stock on the day of tender, and $2500, the contract price. We think it was unnecessary for the plaintiffs to allege a market value of the stock on the day when sold, for the contract price, as between the parties, was binding on them, unless the stock was worthless both on the day of the sale and on the day of tender. We think, therefore, that it was erroneous to sustain the demurrers to the two amendments in their entirety, for in the case set forth in the petition as thus amended the court would not be concerned with the inadequacy of the consideration. However, the defendant could plead that the sale was without consideration,—that is, that there was a want of consideration.

Under the petition as thus amended, if the evidence for the plaintiffs should show that a contract for the sale of these fifty shares of the common stock for $2500 was made, and that according to said agreement the stock was tendered to the defendant and rejected by him, and that there was no market value on the day of the tender, and that the stock had no intrinsic value on that day, the plaintiffs would be entitled to recover the difference between $2500, the contract price, and nothing, the value of the stock at the time and place it was tendered, which would of course be $2500 (*DeLaPerriere* v. *Herrmann,* supra),—unless the defendant then should establish his defense that the stock was worthless on the day of the sale and on the day of tender, by showing, first, that it had no market value, and, second, that it had no intrinsic value on these days; for the general rule is: "In the absence of evidence to the contrary, a contract whereby a person agrees to purchase stock is presumed to be valid, and based upon a valuable consideration, and where he seeks to avoid payment of the balance of the purchase-price, the burden is on him to show that it was without consideration." 14 Corpus Juris, 711, § 1091. For the reasons stated above the judgment is reversed.

*Judgment reversed. Broyles, C. J., and Guerry, J., concur.*