26186. HERRMAN & HENICAN *v.* De LaPERRIERE, executor, *et al.*

DECIDED NOVEMBER 30, 1937.

*Winfield P. Jones, Charles L. Henry,* for plaintiff.
*G. Fred Kelley, Joe Quillian,* for defendants.

BROYLES, C. J. Herrman & Henican brought suit against George W. De LaPerriere (which suit at the time of the trial of

the instant case was against E. E. De LaPerriere, surviving executor of the will of George W. De LaPerriere, and J. N. Rainey, as receiver of the estate of George W. De LaPerriere), alleging that George W. De LaPerriere contracted with it to buy fifty shares of stock at $50 per share; that on November 22, 1926, it drew a draft (with stock certificate attached) on George W. De LaPerriere for $2500, which draft, through the New Orleans Bank & Trust Company, was forwarded to the Winder National Bank of Winder, Georgia; that the draft and stock were tendered to the defendant and the defendant failed to pay said draft in accordance with the terms of his contract, and the draft and stock certificate were returned to the plaintiff; that the defendant breached the contract of sale, and is liable to the plaintiff in the sum of $2500. Plaintiff filed and had allowed several amendments dealing with the value of the stock at the time of sale and at the time of the tender, and as to the loss alleged to be sustained. The defendant denied the material allegations of the petition. The jury rendered a verdict for the defendant, and the plaintiff assigns error upon the refusal of the court to grant a new trial.

This is the third appearance of this case in this court. On the first appearance (41 *Ga. App.* 60, 151 S. E. 813) the defendant De LaPerriere obtained a reversal because the court erred in overruling the special ground of demurrer excepting to the failure of the petition to allege the market value of the stock at the time and place for delivery, and because, upon the trial of the case afterward, there was no evidence introduced as to the market value of the stock at the time and place of delivery. On the second appearance here (47 *Ga. App.* 541, 171 S. E. 232), this court held that "the plaintiff should have been allowed to amend his petition so as to allege that the stock was *worthless on the day it was tendered,* the tender being made in accordance with the contract of sale;" and that "the defendant had a right to plead that the stock was *worthless on the day the contract of sale was made,* and on the day of tender, and that therefore the sale was without consideration." These decisions fix the law of the case.

While there is no presumption that the face value or the market value of stock is its real value, there was a presumption at the beginning of this case that this stock, at the time of the sale, was worth $2500, because this was the amount fixed in the contract of

sale. This presumption is rebuttable. If it is not rebutted the plaintiff, in order to recover under the pleadings, must go further and prove by competent testimony and to the satisfaction of the jury, that the stock was tendered to and refused by the defendant, and that at the time of the tender and refusal of the stock its market value was less than the contract price. The plaintiff's loss, if any, would be the difference between the contract price and the market price on the day of the tender. The burden being on the plaintiff to prove these material allegations, its failure to prove them would authorize a verdict for the defendant. The defendant would also be entitled to a verdict in his favor if it appeared from competent evidence and to the satisfaction of the jury that the stock was worthless both at the time of the sale and at the time of the tender, or, in other words, that the sale was without consideration.

Under the pleadings and the evidence it is necessary only to ascertain whether there was any evidence to authorize the jury to find that the stock was worthless on the day of the sale and at the time of delivery of the stock, and that therefore the sale was without consideration. D. C. Finney, a man in the cotton business who came in April, 1927, and investigated "the machinery, and land, and mill, and village, and accounts receivable, and bills payable, and bonds," testified in part as follows: "As to the *actual value* of the property on the date of that return, from my viewpoint I wouldn't give anything for it. I regard it as *worthless*. I have been in the cotton business for more or less for twenty years. . . After I had gone over all of that [report on liabilities and assets of the cotton mill] my opinion frankly was that the mill was *not really worth anything*. . . Personally I did not regard it as having *any value*. . . It came nearer being worth something in August than it was back in November, 1926 [the time of the sale and of the delivery of the stock]." (Italics ours). The terms "actual value," "worthless," "not really worth anything," and "I did not regard it as having any value," as used in the foregoing evidence, when given a reasonable construction in the light of the context, are sufficiently broad to include *both intrinsic value and market value*. The defendant also introduced in evidence, without objection, the following allegations contained in one of plaintiff's amendments to its petition:

"Plaintiff further amends its petition so as to aver at the *time and place the stock was tendered to testate defendant,* pursuant to the terms of the contract declared upon, and demand made for payment of the purchase-price thereof, as heinbefore set forth, said stock had no market value nor was there any available market value therefor and it was *absolutely worthless.*" (Italics ours). While the burden was on the plaintiff to show a tender of the stock, the evidence does not show the date of the tender to the defendant other than that it was during November, 1926, and after November 22, the date the draft with stock certificate attached was drawn in New Orleans. There was no evidence to show that the stock of this mill was the subject of daily traffic or that any other sale thereof was made during the month of November which would tend to fix the price of the stock at the time of the sale and delivery. This being true, and assuming that the "time and place of delivery" of the stock was "on or about November 24, 1926, at Winder," as alleged in plaintiff's amendment to the petition, the jury might (though not necessarily) conclude that if the stock was worthless at the time of tender, it was also worthless two or three days before the tender when the sale was made. It is at least a circumstance which could be considered in connection with the other evidence. As stated in the last decision by this court in this case (47 *Ga. App.* 542), "If there was a promise to sell, with a corresponding promise to buy, and the stock had no market value and was worthless on the day of the alleged sale and on the day that it was delivered (tendered) to the defendant as pleaded by the defendant, this would be a defense." There was sufficient evidence to authorize the jury to find that the plaintiff sold the defendant stock that was worthless both at the time of the sale and at the time of the tender, and that the contract of sale was without consideration.

It follows from what has been said that the following excerpt from the charge (complained of in the motion for new trial) was not error for any reason assigned: "If you find from the testimony in the case, if it should be your verdict that the stock at the time the contract was made, or the purchase was made, that it had no market or intrinsic value at that time, and if you should believe further it had no market value or intrinsic value at the time of the tender of the stock, if there was a tender in the case, in that event

it would be your duty to find for the defendant." In the light of the entire charge and the facts of the case, the other complained-of excerpts from the charge, while somewhat confused, show no. cause for a reversal of the judgment. As above stated, this is the third appearance here of this case; and we are satisfied that justice does not require that it should be tried again. There was evidence to support the verdict, and the court did not err in refusing to grant a new trial.

Judgment affirmed. MacIntyre and Guerry, JJ., concur.