35730. BAKER *v.* CUNARD MILLS, INC.

DECIDED SEPTEMBER 12, 1955.

*Earl Staples,* for plaintiff in error.

*Shirley C. Boykin, Boykin & Boykin,* contra.

FELTON, C. J. The court did not err in sustaining the general demurrer and in dismissing the action. Except for the prayers the petition sounds in specific performance of the contract, but in the prayers no equitable relief is sought. The prayer is for $2,000.12, the alleged agreed value of the stock minus credit in the amount of $527.88, which the plaintiff owes the defendant. Properly construed, the action is one for damages for breach of contract.

Code § 96-113 applies to sales of corporate stock. *Herrmann & Henican* v. *DeLaPerriere,* 47 *Ga. App.* 541, 542 (171 S. E. 232). That section gives a seller an option of remedies in case of the default of the purchaser: (1) he may retain the goods and recover the difference between the contract price and the market

price at the time and place of delivery; or (2) he may sell the property, acting for this purpose as agent of the vendee, and recover the difference between the contract price and the price on resale; or (3) he may store or retain the property for the vendee and sue him for the entire price. In the instant case the plaintiff alleged that "he has been and still is ready, willing and desirous to assign *his* stock in defendant corporation at such time as defendant is required to perform his part of the agreement." (Emphasis supplied.) Properly construed, this allegation means that the plaintiff retained the stock as his own and not as the property of the defendant corporation. This leaves the case standing under the first option set out in Code § 96-113, and in such case the plaintiff's measure of damages is the difference between the contract price and the market value of the stock at the time and place of delivery. *DeLaPerriere* v. *Herrmann*, 41 *Ga. App.* 60 (4) (151 S. E. 813). Nowhere in the petition does the plaintiff show the market value of the stock at the time and place of delivery. Since the petition does not show what damage, if any, the plaintiff suffered because of the breach, it was subject to general demurrer.

It is not necessary to consider the other reasons urged why the general demurrer was properly sustained.

The court did not err in sustaining the general demurrer and in dismissing the action.

*Judgment affirmed. Quillian and Nichols, JJ., concur.*