## 1129.  DUGGAN *et al. v.* MONK.

1. There is no merit in the motion to dismiss the bill of exceptions.
2. In a suit on a promissory note, against three defendants, a plea by two of the defendants, that they were sureties on the note, and setting up as a defense a total failure of the consideration of the note as to the principal, was improperly stricken.

Complaint, from city court of Tifton—Judge Eve.   March 10, 1908.

Submitted June 12,—Decided November 24, 1908.

S. S. Monk brought suit against W. A. Keel, B. J. Duggan, and R. L. Gay on a promissory note, a copy of which is attached to the petition, as follows: "Georgia, Tift County.   On or by the first day of October, 1906, we promise to pay to Monk & Mathis, or order, the sum of ninety dollars, with interest from date at the rate of eight per cent. per annum, payable at the Bank of Tifton, for the purchase-money of the following described property, to wit, one sorrel horse with blaze in face, about twelve years old.   And to secure the payment of the aforesaid note, we hereby mortgage to and create a lien in favor of Monk & Mathis upon the following described property, to wit: [No property is described.]   We further covenant and agree that if this debt is not paid promptly at the maturity of this note, to pay in addition to principal and interest the further sum of ten per cent. on principal and interest as attorneys' fees;" etc.   Dated November 15, 1905, and executed by all three of the defendants, under seal.   Keel filed no defense; the other two defendants filed an answer, in which they alleged, that they were sureties only on the note, Keel being the principal; that the consideration of the note was the purchase by Keel from the payee of "one small horse with blaze face, about twelve years old;" that there was a total failure of consideration, in that the horse was purchased by Keel for a farm horse, to be used on his farm, and that the horse, at the time the note was executed, "had been stimulated and was bloated on some kind of chemical unknown to the defendants," and when the horse was put to work, soon after it was bought, "it began to perish away," and became so weak that it could do no work on the farm for which it was purchased, and was of no value.   They alleged further, that the note in question created a mortgage or lien on the horse, and should have been recorded, and that the failure to record it increased their risk as

sureties, and, therefore, they were discharged from all liability on the note.

The plaintiff moved to strike the pleas, on the ground that no valid defense was set up; the court sustained the motion; and to this ruling exception was taken. The bill of exceptions recites, that it was admitted by both the plaintiff and the defendants that Keel was principal and Duggan and Gay were sureties, and that the principal filed no defense. The note not being indorsed, the court allowed an amendment to the petition, that the suit proceed in the name of "Monk & Mathis, for the use of S. S. Monk;" and thereupon directed a verdict for the plaintiff, for the full amount of the note, with interest and attorney's fees; and judgment was entered accordingly. The direction of a verdict is excepted to in the following language: "The court directed a verdict for the plaintiff, to which ruling the defendants, B. J. Duggan and R. L. Gay, then and there excepted and now except and assign the same as error." When the case was called in this court, a motion was made to dismiss the bill of exceptions, on the following ground: "That plaintiff in error does not, in said bill of exceptions, assign error on the verdict and judgment rendered in said case, though it appeared in said bill of exceptions that final verdict and judgment were rendered."

*J. B. Murrow, J. J. Murray,* for plaintiffs in error.

*Smith & Foy,* contra.

HILL, C. J. (After stating the foregoing facts.)

1. There is no merit in the motion to dismiss the bill of exceptions. There is direct and specific exception and assignment of error as to the ruling of the court in directing a verdict for the plaintiff, as well as an exception and an assignment of error as to the ruling of the court in striking the answers. This is sufficient. *Lyndon* v. *Georgia Ry. & Electric Co.,* 129 *Ga.* 353 (58 S. E. 1047).

2. Plaintiffs in error, in the brief, rely only upon the assignment of error in the judgment striking their plea of suretyship, and the defense set up by them as sureties, that the consideration given for the note had totally failed. We think the court erred in striking this plea. While the fact of suretyship did not appear on the face of the note, yet the defendants were clearly entitled to show that they were only sureties. Civil Code, §2969; *Whitley* v.

*Hudson,* 114 *Ga.* 668 (40 S. E. 838). We think also that the plea filed by the sureties, setting up a total failure of consideration to the principal, was, if established by proof, a good defense to a suit on the note. The plea setting up a total failure of considera-- tion is not a personal plea, which can only be made by the principal in a contract, but is a defense that the surety, as well as the principal, can set up; and where the contract between the principal and the creditor fails by reason of want of consideration, the col- lateral suretyship contract also fails. 1 Brandt on Suretyship, §465; Stearns on Suretyship, 148.

The judgment of the court, in striking the plea of the defend- ants that they were sureties and that there was a total failure of consideration of the note as to the principal, and in directing a. verdict for the plaintiff on the note, was erroneous.

*Judgment reversed.*