## 4130. LEGERE *v.* BLAKELY GIN COMPANY.

1. The direction of a verdict is in no sense interlocutory, but is a final judgment, from which a writ of error will lie.
2. This was an action of trover, where the evidence of the plaintiff proved title, value, conversion, and demand and refusal before suit, and the defendant admitted these elements of the case, except conversion, as to

which the evidence was in conflict. Consequently, the direction of a verdict for the defendant was erroneous.

DECIDED JULY 10, 1912.

Trover; from city court of Blakely—Judge Rambo.  February 20, 1912.

*W. W. Wright,* for plaintiff.    *Glessner & Park,* for defendant.

HILL, C. J.  The plaintiff in error brought trover against the Blakely Gin Company, to recover a bale of cotton.  At the conclusion of the evidence the court directed a verdict for the defendant, and this is the error assigned.  When the case was called in this court a motion was made to dismiss the writ of error, on the ground that there was no exception to any final judgment, "but only to the interlocutory action of the judge in directing the jury to return a verdict."

1.  There is no merit in this motion.  It has been repeatedly held by the Supreme Court and this court that the direction of a verdict is such a final judgment as will support a bill of exceptions. *Meeks* v. *Meeks,* 5 *Ga. App.* 394 (63 S. E. 270) ; *Duggan* v. *Monk,* 5 *Ga. App.* 206 (62 S. E. 1017), and citations; *Powell* v. *Pennington,* 118 *Ga.* 494 (45 S. E. 272) ; *Scarborough* v. *Holt,* 127 *Ga.* 256 (56 S. E. 293).

2.  The undisputed evidence shows that the bale of cotton was delivered by the plaintiff to the defendant for the purpose of having it ginned, and that the plaintiff made a demand on the defendant for the cotton, and the defendant refused to deliver it to him or to pay him its value.  Indeed, the defendant admits these facts, but defends on the ground that it had nothing to do with the cotton except to gin it, and, after it was ginned, to place it on a platform, from which it was to be afterwards hauled by a drayman of the Farmers' Warehouse to the warehouse, where it was to be held subject to the order of the plaintiff; and in support of this defense evidence was introduced, to the effect that the plaintiff, when the cotton was delivered to the defendant, instructed the defendant to send to the Farmers' Warehouse, when the cotton was ginned and baled, the coupons calling for it.  The plaintiff denied that he had given any such instructions.

Under these facts the defendant insisted in the court below, and insists here, that no conversion of the cotton was shown, and that the plaintiff failed to carry the burden which the law imposed upon him of proving the conversion; that the proper remedy was

an action on the case, for a breach of contract, and that trover did not lie; in other words, that the bailor should have brought an action ex contractu against the bailee, based on the implied contract to return the cotton to the plaintiff as its owner after the purpose of the bailment had been accomplished. *Bates* v. *Bigby,* 123 *Ga.* 727 (51 S. E. 717). Now, the undisputed evidence showed title to the bale of cotton in the plaintiff, and that its value was $35.75, and the plaintiff testified that he delivered this bale of cotton to the defendant, for the purpose of having it ginned; that after doing so and before this suit was filed, he demanded its return, and the defendant refused to deliver it to him. There was conflict in the evidence as to whether the cotton should be returned to the plaintiff when ginned and baled, or whether, when ginned and baled, the defendant fully performed the purpose of the bailment when it placed the cotton on the platform. The evidence also showed that the bailee not only refused, on demand, to deliver the cotton to the plaintiff, but refused to account for it to him. Under these facts we think a conversion by the defendant could be implied, and the bailor had the right to sue in trover on the contract of bailment and recover the market value of the property. *Lightsey* v. *Lee,* 8 *Ga. App.* 762 (70 S. E. 179); *Wilson Coal & Lumber Co.* v. *Hall & Brown Woodworking Machine Co.,* 97 *Ga.* 330 (22 S. E. 530). In short, the plaintiff proved title, value, conversion, and demand and refusal before the suit was instituted. This was sufficient to make out his right to recover, in the absence of any defense. *Pryor* v. *Brady,* 115 *Ga.* 850 (42 S. E. 223). The defendant conceded all the elements of a trover suit except the fact of conversion; and, as stated, we think that a conversion could be implied, under the facts sworn to by the plaintiff. The action of trover is founded upon a concurrent right of property and possession, and any act of the defendant which negatives or is inconsistent with this right amounts in law to a conversion. *Roper Wholesale Grocery Co.* v. *Faver,* 8 *Ga. App.* 178 (68 S. E. 883). Certainly the law would cast upon the bailee the duty of exercising due care and diligence in keeping and protecting the property intrusted to him by the bailor, and there was evidence from which the jury could well have inferred that this duty of diligence had not been fully performed by the gin company in reference to the bale of cotton.

We conclude that the evidence, instead of demanding a verdict for the defendant, if sufficient to have justified the direction of a verdict at all, demanded that the verdict be for the plaintiff. Certainly there was such conflict on the question of conversion as would have required a submission of the case .to the jury.

*Judgment reversed. Pottle, J., disqualified.*