## BROWN *v.* CONNER.

1. An assignment of error to the direction of a verdict, on the ground that "there was nothing upon which to base said verdict," is sufficiently definite.

2. Where no evidence in support of an affidavit of illegality is submitted, there should be no submission of the case to the jury for a verdict, but the illegality should be dismissed or sustained as matter of law.

APRIL 23, 1914.

Illegality of execution. Before Judge Sheppard. Tattnall superior court. April 16, 1913.

*H. H. Elders,* for plaintiff in error. *Way & Burkhalter,* contra.

EVANS, P. J. A fi. fa. in favor of J. C. Conner against John L. Brown, for the sum of $313 principal, besides interest and costs, issued upon a judgment obtained at the October term, 1910, of Tattnall superior court, and was levied upon certain property belonging to the defendant. The defendant filed with the levying officer his affidavit of illegality, alleging, that the fi. fa. was illegally proceeding against him, because he had never had his day in court, was never served with any process or other notice of the pending suit, nor did he waive service or appear in or defend the suit wherein judgment was rendered; that the execution issued upon an award

rendered in an arbitration proceeding; that the defendant paid on the award the sum of $157.65, which was duly credited on the execution, leaving a balance of $155.35; that on or about January 1, 1911, in Cobbtown, Tattnall county, Georgia, he paid to the Bank of Cobbtown a note for $163.50, executed to it by the plaintiff as principal and the defendant as security, which amount was in excess of that due on the judgment; that the note was past due at the time he paid the same, and he now owns it; that Conner is insolvent; and that unless the defendant be permitted to set off against the judgment the amount paid out for his principal, he will be unable to collect the same. He prays that the sum so paid by him as security be set off against the balance due on the judgment. The affidavit of illegality was returned to the superior court. When the case was called for trial counsel for the plaintiff in fi. fa. moved to dismiss the illegality, which motion the court overruled. Thereupon, on motion of counsel for plaintiff in fi. fa., the court directed the following verdict: "We, the jury, find against the affidavit of illegality, and that the execution proceed to make the money." No evidence was introduced. Exception is taken to the direction of the verdict.

1. A motion was made to dismiss the bill of exceptions, because there is no sufficient assignment of error. The motion is without merit. In the bill of exceptions error is assigned upon the direction of the verdict, and the entry of judgment on that verdict, on the ground that there was nothing on which to base the verdict.

2. No evidence was introduced. By overruling the motion to dismiss the affidavit of illegality the court held that the grounds thereof were meritorious, and he should have allowed the defendant to submit evidence to support them. It was erroneous to direct a verdict. *Sprinz* v. *Frank*, 81 *Ga.* 162 (7 S. E. 177).

*Judgment reversed. All the Justices concur, except Atkinson, J., absent.*