## FLOYD COUNTY v. SALMON.

The act of the General Assembly, approved August 17, 1918, amending section 1202 of the Civil Code of 1910, relating to the compensation of tax-receivers in this State, went into effect from and after the date of its passage, and "from and after that date" (for so much of the year as remained) receivers were entitled to compensation at the rate fixed by the act.

No. 1985.   MARCH 5, 1921.

Certiorari; from Court of Appeals. 24 Ga. App. 796.

Denny & Wright, Moore & Pomeroy, and Joseph H. Ross, for plaintiff in error. Maddox & Doyal, contra.

GEORGE, J. The Civil Code (1910), § 1202, provides that "the county shall pay the receiver one half of what the collector gets for collecting the county tax." By an act of the General Assembly, approved August 17, 1918 (Acts 1918, p. 110), section 1202 of the Civil Code of 1910 was so amended as to be read as follows: "The county shall pay the receiver the same compensation the collector

gets for collecting the county tax." J. Z. Salmon, tax-receiver of Floyd county, claimed as such receiver, for the year 1918, the same compensation allowed the tax-collector for collecting the county tax. The county paid him one half of the compensation allowed the collector for collecting the county taxes, without prejudice to the right of the receiver to proceed to collect the balance alleged to be due him. Accordingly the receiver filed suit against the county, and alleged that under the act approved August 17, 1918, he was entitled to recover the same compensation allowed the tax-collector. To the petition the county filed a general demurrer. The demurrer was sustained, and the receiver sued out a writ of error to the Court of Appeals. That court reversed the judgment of the trial court, and the county brought by certiorari the decision of the Court of Appeals to the Supreme Court for review. The county does not by its demurrer question the constitutionality of the act of 1918, but insists that inasmuch as the duties of the receiver for the year 1918 were performed, or practically performed, prior to the passage and approval of the act, the compensation of the receiver for the year in question is to be governed entirely by the old law as contained in the Civil Code, § 1202, and not by the act approved August 17, 1918.

With respect to the time when statutes are to take effect, the old English rule was that if the act was not directed to operate from any particular time, it took effect from the first day of the session at which it was passed. This legal fiction and this extraordinary application of the doctrine of relation was acted upon by the English courts until the statute of 33 Geo. III, c. 13, which statute declared that laws shall operate from the time of receiving the royal assent. Sedgwick on Construction of Statutes (2d ed.), 65. " Under constitutions which, by providing in effect that no bill shall become a law until it shall have received the approval of the chief executive or shall have been passed over his refusal to approve, make the executive a necessary constituent of the lawmaking power, an act becomes a law, not when it is passed by the two houses of the legislature, but when it is approved by the executive, unless it becomes a law by the lapse of time specified for the return of a bill to the legislature or by being passed by the legislature notwithstanding the disapproval of the executive." 25 R. C. L. 797; cf. art. 5, § 1, par. 16, of the constitution of this State (Civil Code, § 6485); *Green* v. *Hall,* 36 *Ga.* 538; *Epslein* v. *Levenson,* 79 *Ga.* 718 (2),

719 (4 S. E. 328). The general rule followed in the United States is, that, in the absence of constitutional or general statutory provision governing the matter, the statute becomes effective on the day of its passage, that is to say, on the day of its approval by the chief executive, or its passage over his veto, or by his non-action within the time specified in the constitution for the return of the bill to the legislature, unless the time for the going into effect of the statute is fixed by the statute itself. It is elementary that the statute itself may fix the day or time when it shall take effect; and it has been held that a statute providing that it shall take effect "from and after" a day named takes effect on the day following the one named. State v. Roney, 82 O. St. 376 (92 N. E. 486, 19 Ann. Cas. 918). The act approved August 17, 1918, provides "that from and after the passage of this act" section 1202 of the Civil Code (1910) shall read as in the act provided. By its plain terms the act repealed all laws in conflict therewith, and went into effect from and after its passage. It is contended that this ruling will necessarily invalidate the act, in view of certain constitutional provisions and inhibitions pointed out in the brief of counsel for the county. While we do not concede the soundness of the conclusion, the act is plain; susceptible of but one construction. When an act is capable of two constructions, one making it violative of the constitution and the other making it consonant therewith, it is the duty of the court to adopt the latter construction. *Park* v. *Candler,* 113 *Ga.* 647 (3), 666 (39 S. E. 89). Where the act is plain, unambiguous, and positive, and is not capable of two constructions, the court is not authorized to construe the act according to the supposed intention of the legislature. Unless adequate grounds are found in the act itself, in its context, or in the absurd consequences and results which would necessarily follow from its literal interpretation, the mere fact that the plain, positive, and unambiguous language of the act would bring it in conflict with some constitutional provision is not of itself sufficient to enable the court, in the exercise of its proper function, to declare the legislative meaning to be other than that clearly, concisely, and positively expressed in the act. We are of the opinion that the act went into effect from and after its passage. The Court of Appeals, therefore, correctly held that the petition was not subject to general demurrer.

Whether the receiver's compensation is to be apportioned; that is, whether he is to be paid for his services at the rate fixed in the old law up to August 17, 1918, and at the rate provided in the act approved August 17, 1918, thereafter to the end of the year (and for subsequent years), is not expressly dealt with by the act. The time when compensation is to be paid to tax-receivers or collectors is not fixed by statute. As matter of common knowledge, receivers and collectors are paid in the fall of the year after the taxes are due and collected. The tax-collector receives for his services commissions, as provided in the Civil Code, § 1234. The majority of the court are of the opinion that while the compensation of the collector is not in a strict sense salary, it is analogous to salary. The view of the majority of the court is that the standard by which the compensation is to be measured is, since the passage of the act of 1918, the full amount paid the collector; prior to the passage of that act, one half of the amount paid the collector; and that the plaintiff in this case is entitled to be paid for his services at the rate fixed in the old law until August 17, 1918, and at the rate provided in the act thereafter to the end of the year. In support of this view, it is suggested that both under the old law and under the act of 1918 the receiver is compensated for his entire services; that his services for 1918 had not been fully performed by August 17, 1918, the date of the approval of the act; and that, since the receiver is entitled to no specific part of his compensation for any particular service, there is no legal difficulty in apportioning the compensation of the receiver for the year 1918, treating the compensation to be paid to him as in the nature of salary for his entire services for the year. In this view the writer does not concur, but is of the opinion that the act, the validity of which has not been challenged, should be given literal application, for the reasons stated in the opinion.

*Judgment affirmed, with direction. All the Justices concur, except*

GEORGE, J., who dissents from the ruling that the compensation of the tax-receiver for the year 1918, should be apportioned, as ruled by the majority.