SMITH v. WALKER et al.

BELL, Justice. 1. There can be no valid foreclosure of a materialman's lien for material furnished to a contractor and used in improving the real estate of another person against which the lien is claimed, in the absence of a judgment in favor of the materialman against the contractor for the price or value of such material; and it must also appear,

*among other things*, that suit for recovery of such judgment against the contractor was commenced within twelve months from the time the claim became due. Code, §§ 67-2001, 67-2002; *Pike Brothers Lumber Co.* v. *Mitchell*, 132 *Ga.* 675 (64 S. E. 998, 26 L. R. A. (N. S.) 409); *Columbian Iron Works* v. *Crystal Springs Bleachery Co.*, 145 *Ga.* 621 (89 S. E. 751); *Southern Railway Co.* v. *Crawford & Slaten Co.*, 178 *Ga.* 450 (173 S. E. 91); *Kwilecki* v. *Young*, 180 *Ga.* 602 (180 S. E. 137).

2. Accordingly, in the instant suit by the grantee in a security deed against the grantor, to foreclose the deed as an equitable mortgage, and against other persons, to require them to appear and assert in the same proceeding any claim or claims of lien which they might have against the same property, in order that the rights of all parties might be determined in the one proceeding, where one of the persons named as a possible lien claimant filed an intervention in which, as first amended, he alleged that he had furnished material in a stated sum for the improvement of such real estate, and prayed that the court declare his lien "prior to all other liens," and that he have judgment against the defendant (the owner of the real estate) for the amount so stated, but in which he sought no judgment against any person as contractor until more than twelve months after his original intervention was filed, when by a second amendment he alleged that the material had been furnished to a named contractor, and prayed that such contractor be made a party defendant, and that he recover a judgment against him for the value or price of such material, such intervention as finally amended was insufficient to show any lien or right of lien as against such real estate; it appearing therefrom that the intervenor had not recovered a judgment against the contractor and had not instituted an action for such recovery within twelve months from the time the claim became due. *Griffin* v. *Gainesville Iron Works*, 144 *Ga.* 840 (2) (88 S. E. 201); *Hood Brick Co.* v. *Mangham*, 161 *Ga.* 457 (131 S. E. 172); *Dwight* v. *Acme Lumber & Supply Co.*, 183 *Ga.* 139 (187 S. E. 668).

3. There being no contention that the intervention should have been allowed to proceed for the purpose of recovering a personal judgment either as against the owner of the real estate or as against the contractor, independently of any claim of lien as a materialman, no ruling will be made as to these questions. Cf. *Baldwin* v. *Shields*, 134 *Ga.* 221 (67 S. E. 798); *Usry* v. *Hines-Yellon Lumber Co.*, 176 *Ga.* 660 (2 *b*) (168 S. E. 249).

4. The facts of the present case do not bring it within the ruling in *Massachusetts Bonding & Insurance Co.* v. *Realty Trust Co.*, 142 *Ga.* 499 (5) (83 S. E. 210), to the effect that where an owner of realty, before the time for foreclosing liens had expired, sought and obtained an injunction preventing materialmen from proceeding to perfect their liens, such owner could not defeat their claims of lien on the ground that they had not obtained judgments against the contractor. In the instant case no injunction was sought or obtained by the owner of the realty; and while such injunctive relief was *prayed* by the plaintiff in the suit to foreclose the security deed, no injunction was granted, but the intervenor was merely made a party in the case, with the privilege of filing such pleadings as he might be entitled by law to file. It does not ap-

pear that he was prevented from perfecting his lien in the manner required by law.

5. Under the preceding rulings, the judge did not err in sustaining the general demurrer and dismissing the intervention as amended.

*Judgment affirmed. All the Justices concur.*

No. 14187. SEPTEMBER 22, 1942.

*Fraser & Irwin,* for plaintiff.
*Roy S. Drennan* and *Julius A. McCurdy,* for defendants.