31921.   STATE OF GEORGIA *v.* McGUIRE.

Decided March 5, 1948.

*E. J. Clower, Solicitor-General,* for plaintiff.

*Maddox & Maddox,* for defendant.

FELTON, J. The erroneous direction of a verdict may be made the basis for a ground of a motion for a new trial, or for a direct

exception. *Webb* v. *Hicks,* 117 *Ga.* 335 (43 S. E. 738) ; *Jones* v. *Bank of Lula,* 135 *Ga.* 680 (70 S. E. 640). The motion for a new trial contained no assignment of error upon the direction of the verdict, and if the bill of exceptions is treated as a direct exception to the direction of the verdict, it came too late, as some 57 days had elapsed between the direction of the verdict and the tendering of the bill of exceptions. Nor will the general grounds of the motion for a new trial raise the question of the correctness of the direction of a verdict. *Stone* v. *Hebard Lumber Co.,* 145 *Ga.* 729 (89 S. E. 814) ; *Head* v. *Towaliga Falls Power Co.,* 27 *Ga. App.* 142 (107 S. E. 558). Even if the action of the court could be considered as nonsuiting the case, an exception to the grant of a nonsuit may not be made a ground of a motion for a new trial. *Dixie Manufacturing Co.* v. *Ricks,* 153 *Ga.* 364 (112 S. E. 370). The remaining and only question which is presented in this case for the determination of this court is whether or not there was sufficient evidence to authorize the verdict, and in this determination the verdict by direction is to be considered on the same footing as a jury verdict, as against the usual general grounds of a motion for a new trial. *Marietta Trust & Banking Co.* v. *Faw,* 31 *Ga. App.* 507 (121 S. E. 244).

Floyd County is a "dry" or "one-quart-for-use-and-consumption-and-not-for-sale-properly-stamped" county, and governed by the general prohibition statutes. It is therefore unlawful for any one to possess whisky in that county unless he is exempted under the general prohibition statutes or can show that he comes within one of the exceptions of the repealing statutes. Counsel for the defendant seek to bring the defendant within the exception established in Code (Ann. Supp.) § 58-1073. Whether the defendant came within the statutory exception was a matter of defense. *Barfield* v. *State,* 59 *Ga. App.* 383 (1 S. E. 2d, 47). The evidence in behalf of the State shows that at the time McGuire's automobile was seized there were four quarts of properly stamped whisky in the automobile. McGuire claimed only one quart, which was discovered in the glove compartment. The other three quarts were upon the persons of three other occupants of the automobile. On the trial of the case the jury was authorized to find for the State on either of two theories: (1) if all four quarts belonged to McGuire; or (2) if only one quart belonged to

him, and he failed to show that it was for his own use and consumption and not for sale, and that it was otherwise a legal possession of the one quart. We make no ruling in this case with reference to the first theory above set forth, because we have reached the conclusion that the evidence demands a verdict for the State on the second theory. If only one quart belonged to McGuire, he did not rebut the legal prima facie presumption that he possessed it illegally by showing that he had it for his own use and consumption and not for sale. The statement in *Shafer* v. *State,* 193 *Ga.* 754 (20 S. E. 2d, 34), upon which counsel for the defendant rely, that "all presumptions being in favor of innocence, possession of whisky in quantity within the one-quart limit . . is prima facie presumed to be lawful," has no application to this case. The statement was made with reference to events occurring in Fulton County, which is a "wet" county, where the repeal statutes govern. There was not, therefore, sufficient evidence to authorize the verdict and the court erred in overruling the motion for a new trial.

*Judgment reversed. Sutton, C. J., and Parker, J., concur.*