35965. JENKINS *v.* THE STATE.

DECIDED FEBRUARY 16, 1956.

*Stonewall Dyer, Clower & Anderson,* for plaintiff in error.
*Chastine Parker, Solicitor,* contra.

TOWNSEND, J. ■ Special grounds 4, 5, 6 and 7 relate to documentary evidence which was introduced over the objections of the defendant as to its immateriality and irrelevance to any issue being tried. The evidence consisted of an application by Godwin for registration of the Chevrolet and the tag issued thereunder, which were found in the defendant's automobile, and certain papers with names and figures thereon, some taken from Godwin and some from the defendant. The papers could reasonably have represented names of persons (otherwise unidentified), names and amounts of various brands of whisky and dates, so arranged that they could be interpreted as amounts of liquor credited to or sold by various persons on various dates. Such material, when found

by an investigating officer, might well raise a suspicion that the persons having it in custody were engaged in liquor traffic. However, such papers, standing alone, proved nothing, and a conviction cannot rest upon mere suspicion. It is the contention of the State that the papers, though not in themselves sufficient to prove any criminal charge, were admissible as tending to show a conspiracy between Godwin and the defendant to sell whisky. Whether or not they might otherwise have been admissible for this purpose, they were certainly not admissible in this case to show conspiracy where there was no contention that Godwin was transporting any liquor or otherwise violating the liquor laws of this State. Any connection between Godwin and the defendant could become relevant to the issue only if it could also be shown that Godwin was himself committing a crime which, if conspiracy were shown, could also be attributable to the defendant, and no attempt was made to show such a state of facts. Accordingly, neither the documents in Godwin's possession, the documents in the defendant's possession, or the license tax belonging to the Chevrolet which was found in the Oldsmobile had any connection whatsoever with the charge for which the defendant was on trial—that is, possessing and transporting liquor. It was accordingly error to admit this evidence. The error was prejudicial in that it allowed the jury to take into consideration that the defendant might have other dealings in the liquor business for which he was not on trial, and might have influenced their verdict accordingly.

■ Special ground 11 assigns error on the refusal of the court to give the following request to charge: "Under the act approved February 3, 1938 (Ga. L. 1937-38, p. 103, sec. 11 (c), Code, 1941 Supp. § 58-1056) 'the possession of any distilled spirits or alcohol by any person which does not bear the tax stamps provided for herein shall be unlawful and the offender shall be guilty of a misdemeanor.' It is lawful, however, under Section 23 (b) of that act (Code Supp. § 58-1073) 'for any person to have and possess for use, and not for sale, in any county of the State, one quart of the liquors and beverages described in this act, which may have been purchased by the person for use and consumption from a lawful and authorized retailer and properly stamped.' All presumptions being in favor of innocence, possession of whisky in quantity within the one-quart limit above described by the

statute is prima facie presumed to be lawful." Special grounds 12, 13, and 15 assign error on the following excerpts from the charge for reasons, among others, that they are unsound as abstract principles of law:

"Now, gentlemen, I charge you that where any person has in his possession a quart of whisky or a pint of whisky even if it is stamped, and that proven to you beyond a reasonable doubt, then I charge you, gentlemen, that the burden shifts then to the defendant to prove to you to your satisfaction that he bought this liquor or obtained this liquor from a legally licensed retail dealer. . . I also charge you, gentlemen of the jury, that if a person is in the possession of an automobile, driving an automobile, and in possession of that automobile, all that is in that automobile is presumed to be in his possession, including liquor. If that has been proved to you, gentlemen, then the burden, as I say, shifts to him to prove to you or to your satisfaction that he did not know the whisky was in the car; if it was found in his car, then he did not know it was in the car. Now it is for you to determine, gentlemen of the jury, whether or not he has carried that burden."

The accusation charges the defendant in two counts with the possession and transportation of whisky in a dry county where the general prohibition law is of force and effect except as modified by Code (Ann. Supp.) § 58-1073 as follows: "It shall not be unlawful for any person to have and possess for use and not for sale, in any county of the State, one quart of the liquors and beverages described in this Chapter, which may have been purchased by the person for use and consumption from a lawful and authorized retailer and properly stamped, and this section shall be construed to repeal any and all laws in conflict with this section and Chapter as herein expressed." When this provision of the Revenue Tax Act to legalize and control alcoholic beverages and liquors is construed with the bone-dry law (Chapters 58-1, 58-2, 58-3) it appears that the offenses of possessing and/or transporting whisky in a dry county may be committed only in one of four ways as follows: (1) by the defendant having any amount of whisky on the containers of which there are no proper State revenue stamps; (2) having more than one quart of whisky upon which the tax has been paid and upon the container of which there are proper revenue stamps; (3) one quart or less of whisky upon

which the tax has been paid and the containers of which bear proper revenue stamps but held by the defendant for the purpose of sale and not for use and consumption, and (4) one quart or less of whisky upon which the tax has been paid and the containers of which bear proper revenue stamps but which was not procured from an authorized retailer. A proper accusation or indictment should allege in which of these ways the offense was committed. There being no demurrer to the indictment, however, it was incumbent upon the State to prove the manner of the violation. Obviously the General Assembly in enacting Code (Ann. Supp.) § 58-1073 as a part of this act intended to provide a method whereby a person in a dry county could legally possess a quart or less of tax-paid whisky bearing revenue stamps so indicating which had originally been purchased by him or his donor from a lawful and authorized retailer in a wet county, provided such possession was for use and not for sale. This intention also was that such person might possess such whisky in this quantity under these circumstances and conditions without being in constant jeopardy of harrassment and arrest. The cardinal rule in the construction of statutes is to ascertain the intention of the legislature, keeping in view at all times the old law, the evil and the remedy. Code § 102-102 (9). The rule stated in *Rumph* v. *State,* 119 *Ga.* 121, 123 (45 S. E. 1002) as follows: "When the statute provides that the commission of an act by any person or under all circumstances shall constitute an offense, and then declares that the provisions of the act shall not apply to a particular class of persons, or to a specified set of circumstances, the burden is on the accused to show that he comes within some of the exceptions" has been urged as applying to the construction and application of Code (Ann. Supp.) § 58-1073 in its relation to the bone-dry law, so that under such circumstances the question of where and from whom the whisky was purchased and for what purpose it is retained would be matters of defense, and that on an accusation in a dry county merely charging possession and transportation of whisky combined with proof that whisky was possessed and transported, a prima facie case would be made out by the State. It is suggested that the burden would then shift to the defendant to show that he comes within the walls of the four provisions which alone can protect him from the inhibitions of the bone-dry law—

that is, he must affirmatively prove, not only that the whisky possessed by him is within the one-quart limit and that it is properly taxed and stamped, but also that he does not intend to sell it and that it was procured from an authorized retailer (who obviously is located in some other county.) Such construction defeats the intent of the legislature as above stated. It places upon the defendant the burden of presenting proof not usually his to command or suffering the penalty of unjust conviction. On an accusation or indictment couched in the language of Code § 58-102 under the old law, the defendant can and should assume the burden of proving that the liquor possessed is properly stamped and within the legal limit. To go further than this is to demand the unreasonable or impossible. As to the requirement of purchase from an authorized liquor retailer, the whisky may have been purchased in a county as much as 400 miles away; it may have been purchased any time in the past from one day to 18 years; it may have been given the defendant by a person now dead or unavailable; he may not remember where he purchased it, and if he or his donor does remember this fact the chances that the retailer will remember the transaction and be willing to testify to it are infinitesimal. As to the requirement that the liquor be held for use and not for sale, this is a matter known only to the possessor if his intentions are lawful, although if his intention is unlawful proof may be available to the State through the defendant's acts pursuant to such unlawful intention. If he intends it only for use and consumption he can take the stand and make a statement in his own defense to this effect, but a jury has a right to completely disregard the statement of the defendant. Therefore, if the burden is on him to show the purpose of his possession and no witness knows this fact whose testimony is binding on the jury, or if the burden is on him to show from what authorized retailer he obtained the liquor and no witness remembers this fact whose testimony is binding on the jury, a perfectly innocent defendant acting completely within the provisions of the law may be convicted. The principle of law that, where there is one general enactment with stated exceptions which do not come within the enacting clause of the general law, such exceptions are matters to be pleaded and proved by the defendant, is recognized, but this rule of construction must yield to the cardinal rule of ascertaining

the intent of the lawmakers, and in doing so, if the statute may be given two constructions, one consistent with natural equity and justice, and the other not, the court should give it the former construction. *Lombard* v. *Trustees of Young Men's Library Association Fund*, 73 *Ga.* 322. A statute is not to be understood as requiring an impossibility if such result can be avoided by any fair and reasonable construction. *Pope* v. *U. S. Fidelity & Guaranty Co.*, 198 *Ga.* 304 (31 S. E. 2d 602).

Anything in *Barfield* v. *State*, 59 *Ga. App.* 383 (1 S. E. 2d 47), in *State of Georgia* v. *McGuire*, 76 *Ga. App.* 596 (46 S. E. 2d 774) or any other case of this court in conflict with what is here held in regard to prosecutions for liquor violations is hereby disapproved and overruled. The request to charge referred to in this division of the opinion should have been given, and the excerpt from the charge herein complained of was error.

■ The remaining special grounds of the motion for a new trial are not passed upon as they are not likely to recur. The general grounds are not passed upon as the case is to be tried again.

The trial court erred in denying the motion for a new trial.

*Judgment reversed. Felton, C. J., Gardner, P. J., Carlisle, Quillian and Nichols, JJ., concur.*