20864. AYERS *et al.* v. BAKER *et al.*

Submitted April 12, 1960—Decided June 9, 1960—
Rehearing denied June 28, 1960.

*P. C. King, Jr., Ben J. Camp, Mary R. Brady,* for plaintiffs in error.

*Davis & Stringer, Robt. H. Stringer, John L. Coney,* contra.

HEAD, Presiding Justice. The present case comes within the observations of Mr. Justice Bleckley in *Kupferman* v. *McGehee,* 63 *Ga.* 250, 260 (7): "Not only earnestly and devoutly does the complainant pray, but he prays comprehensively. He wants relief, much of it. He seems to ask for everything that he can think of, and then to throw in a general petition to cover oversights. Over-zealous, perhaps, he hurries into some inconsistencies, and possibly no court can grant all he begs for. But a suitor is not to be turned out of court for his much praying." See also *Pierce* v. *Middle Ga. Land &c. Co.,* 131 *Ga.* 99, 102 (61 S. E. 1114); *Wimpee* v. *Burt,* 148 *Ga.* 418, 419 (96 S. E. 993).

The petitioners pray that McGraw be temporarily and permanently enjoined from committing acts of waste, and that he be required to specifically perform his contract. "If the contractor abandons his contract, the owner may have it completed and charge the necessary cost of completion against the contract price, before being liable either to the contractor or to the materialman." *Prince* v. *Neal-Millard Co.,* 124 *Ga.* 884, 893 (53 S. E. 761, 4 Ann. Cas. 615); *Spirides* v. *Victory Lumber Co.,* 76 *Ga. App.* 78, 81 (45 S. E. 2d 65). If McGraw has abandoned his contracts, the petitioners do not need to restrain him from committing waste; nor would they be entitled to specific performance of the contract, since the law authorizes completion of the contract by the owner before becoming liable either to the contractor or the materialmen.

While the allegations of a pleading are to be construed most strongly against the pleader when attacked by general demurrer (*Lee* v. *City of Atlanta*, 197 *Ga.* 518, 520, 29 S. E. 2d 774; *Dumas* v. *Burleigh*, 209 *Ga.* 241, 243, 71 S. E. 2d 545), the final test of the sufficiency of a petition as against a general demurrer is whether the defendants can admit all that is alleged and escape liability. Code § 81-304; *Frazier* v. *Southern Ry. Co.*, 200 *Ga.* 590, 597 (37 S. E. 2d 774); *Johnson* v. *John Dere Plow Co.*, 214 *Ga.* 645, 648 (106 S. E. 2d 901).

The real point at issue between the parties here is the action filed by Baker against McGraw in the Civil Court of Fulton County, to which action there is attached a statement of account which shows that Baker is suing McGraw for amounts claimed to be due by reason of work done or materials furnished to improve the property of each of the petitioners. By amendment the petition alleges that Baker and McGraw were actually partners in the construction on the petitioners' property, that they have conspired to defraud the petitioners by claiming that they were partners during the construction, but after collecting a greater portion of the contract price, they have announced that they were not partners.

Except as provided in Code § 67-2002 (3), as amended (Ga. L. 1941, p. 345; Ga. L. 1952, pp. 291, 292; Ga. L. 1953, pp. 582, 585; Ga. L. 1956, pp. 185, 189; Ga. L. 1956, pp. 562, 568), there can be no valid foreclosure of a materialman's lien without a judgment against the contractor. *Hood Brick Co.* v. *Mangham*, 161 *Ga.* 457 (131 S. E. 172); *Smith* v. *Walker*, 194 *Ga.* 586 (22 S. E. 2d 160). Since amounts are included in the suit by Baker against McGraw which are claimed to be due for work done and material furnished to improve the property of each of the petitioners, each of the petitioners is concerned with, and interested in, the validity of the action between Baker and McGraw. If, as alleged, Baker and McGraw conspired to defraud the petitioners in the manner alleged, there could be no valid judgment in favor of Baker against McGraw. However invalid, Baker might seek to rely upon such judgment as the basis for the foreclosure of the liens filed by Baker against the property of each of the petitioners. Such a judgment, not being void on its face, would not be

subject to collateral attack by the petitioners in the proceedings by Baker to foreclose the liens he has recorded against properties of the petitioners (Code §110-708), and unless a judgment is void, an affidavit of illegality is never the proper method to attack it. *Dollar* v. *Fred W. Amend Co.*, 184 *Ga.* 432, 437, 438 (191 S. E. 696). Equitable intervention by the petitioners in the pending case in the civil court is not an available remedy.

The petitioners are not required to stand idly by and let a judgment be rendered which is essential to the enforcement of the liens claimed against their properties. Where, as in the present case, the general rules of law are deficient in protecting from anticipated wrong, equity will grant relief. Code §§ 37-102, 37-120. The equitable action of the petitioners against the defendants was erroneously dismissed on general demurrer.

*Judgment reversed. All the Justices concur.*