## 42255. CROWE, Trustee v. HOLLOWAY DEVELOPMENT CORPORATION.

ARGUED SEPTEMBER 8, 1966—DECIDED OCTOBER 14, 1966—
JUDGMENT ADHERED TO ON REHEARING NOVEMBER 16, 1966—
REHEARING DENIED DECEMBER 20, 1966—

*Wright Gellerstedt,* for appellant.

*Robert B. Harris, Nancy Pat Phillips,* for appellee.

PER CURIAM. ■ The notice of appeal is from the order of the trial court directing the jury to find for the defendant. It is contended that this order has never been reduced to writing and signed by the judge and that therefore the appeal must be dismissed. We disagree.

While Sec. 18 B of the Appellate Practice Act of 1965 (Ga. L. 1965, pp. 18, 32) states that "The filing with the clerk of a

judgment, signed by the judge, constitutes the entry of such judgment, within the meaning of this Act," this is for the purpose "of computing the time from which the time for filing a notice of appeal (Section 5) or motion for new trial (Section 16) commences running." 1 Georgia State Bar Journal 451, 487.

Basically whatever judgments were traditionally reviewable as being final judgments under a writ of error are reviewable under a notice of appeal. *Munday v. Brissette,* 113 Ga. App. 147 (148 SE2d 55).

Even under our old technical rules, this appeal should not be dismissed. *Mullis v. McCook,* 185 Ga. 171 (194 SE 171). "An assignment of error upon the direction of a verdict is an assignment of error upon a final judgment. *Scarborough v. Holder,* 127 Ga. 256 (56 SE 293); *McKenzie v. Consolidated Lumber Co.,* 142 Ga. 375 (4) (82 SE 1062); *Winter Inc. v. Peoples Bank of Calhoun,* 166 Ga. 385 (2) (143 SE 387)." *De LaPerriere v. Herrmann & Henican,* 41 Ga. App. 60 (2) (151 SE 813).

To hold otherwise would be in defiance of the mandate of the General Assembly that the Appellate Practice Act of 1965 "shall be liberally construed so as to bring about a decision on the merits of every case appealed, and to avoid dismissal of any case. Sec. 23 (Ga. L. 1965, pp. 18, 40). These new rules "were not adopted to set traps and pitfalls by way of technicalities for unwary litigants." *Chambliss v. Hall,* 113 Ga. App. 96, 98 (147 SE2d 334).

As to the judge's order directing a verdict, this court takes judicial notice that such an order is normally issued *ore tenus.* It becomes reduced to writing by virtue of its recitation in the verdict that it was at the court's direction and by the court's judgment, signed and entered up upon the verdict. All of this appears in the record in this case. The motion to dismiss is denied.

■ After the plaintiff had rested his case and the defendant had moved for a directed verdict, plaintiff expressed his willingness and preparedness to go into the question of the reasonableness of the defendant's expenditures for the completion of the job. The plaintiff was, in effect, precluded from developing this issue by the court's ruling that it was not necessary for this issue

to be considered. "If the contractor abandons his contract, the owner may have it completed and charge the *necessary* cost of completion against the contract price, before being liable either to the contractor or to the materialman." (Emphasis supplied.) *Prince v. Neal-Millard Co.*, 124 Ga. 884, 893 (53 SE 761, 4 AC 615); *Spirides v. Victory Lumber Co.*, 76 Ga. App. 78, 81 (45 SE2d 65); *Ayers v. Baker*, 216 Ga. 132, 135 (114 SE2d 847). In a case such as this where an original contractor defaults and the owner is forced to hire another to complete the work, when the owner prima facie shows that it was necessary to make expenditures to have the contract completed and makes a full disclosure as to the details of the work, the nature of the work and the amount expended for such completion, the burden of proof is on the party seeking to recover from the owner on the original contract to show that the amount expended was so highly excessive and unreasonable as to amount to bad faith. The defendant pleaded that the amount spent on completing the job was reasonable and there was such testimony in the case. This testimony, however, did not require submission of the case to the jury as it was not necessary for the defendant to show the reasonableness of the expenditure for the reason above stated, that the burden of proving unreasonableness of the expenditure was on the plaintiff and he offered no evidence to that effect and enumerated no error on the court's failure to permit him to introduce such evidence.

There was testimony by the contractor who completed the job that his charges were a reasonable sum necessary to do the work and by the plaintiff's own foreman that the completed job was of comparable workmanship with that of the plaintiff company. The contended apparent discrepancies in matters of cost and billing are explained by such evidence as the necessity of having to "redo" some of the plaintiff company's work to bring it up to specifications, and completion and separate billings for portions of the work in order to allow earlier occupancy of the apartments. The mere fact that the charges were higher than the plaintiff company's is not necessarily evidence of "padding," especially in view of the fact that the plaintiff company had gone into bankruptcy subsequently to, and perhaps

because of, its business operation with the levels of workmanship and pricing in evidence. The evidence as to the necessity for the completion of the work was unrebutted and it would have been virtually impossible for the jury to have found, from the complicated documentary evidence based on so many factors, as well as the testimony, that the charges were unreasonable.

The court, therefore, did not err in its judgment directing a verdict in favor of the defendant.

*Judgment affirmed. Felton, C. J., Bell, P. J., Jordan, Hall, Deen and Quillian, JJ., concur. Frankum, Eberhardt and Pannell, JJ., dissent.*

FRANKUM, Judge, dissenting. I agree with Judge Pannell that the authority on which the majority of the court assumes jurisdiction of this case, being, as it is, bottomed on the Act of 1898 (Ga. L. 1898, p. 92; *Code* § 6-804), and that Act and Code section having been repealed, it cannot logically be the basis for the court's action in taking jurisdiction of this case. I would add, however, that if this court does have jurisdiction to consider this or any other appeal commenced since August 1, 1965, the authority to do so must be found in the 1965 Appellate Practice Act (Ga. L. 1965, p. 18 et seq.), and that we need look no further than that Act for any such authority. To my mind the opinion of the majority, in overruling the motion to dismiss the appeal, overlooks the first and cardinal rule of statutory construction, and that is, that "where [the language of] a legislative Act is plain, unambiguous and positive, and not capable of two constructions, the Act must be taken to mean what it says, and judicial interpretation is forbidden." *Fulton County &c. Pension Board v. Askea*, 95 Ga. App. 77 (97 SE2d 389). And see *Floyd County v. Salmon*, 151 Ga. 313, 315 (106 SE 280); *Board of Tax Assess. &c. v. Catledge*, 173 Ga. 656 (2) (160 SE 909); *Gazan v. Heery*, 183 Ga. 30 (1) (187 SE 371, 106 ALR 498); *New Amsterdam Cas. Co. v. McFarley*, 191 Ga. 334 (12 SE2d 355). As was said by Justice Duckworth (now Chief Justice) in the *New Amsterdam Cas. Co.* case just cited (at p. 337): "If the statute is unambiguous, its wisdom is a matter exclusively reserved to the legislative branch of the government, and is no legitimate concern of the judiciary." Nor may

we in any case where the law is plain and unambiguous substitute, under the guise of statutory construction, our opinion as to what we think the law should be or what we think the General Assembly intended. *Hood v. First Nat. Bank of Columbus,* 219 Ga. 283, 286 (133 SE2d 19). In construing a plain and unambiguous Act which under the foregoing rules is not subject to construction we tend to make our government a rule of men rather than of laws, substituting the changing, vacillating and uncertain whims of the individual judges for the fixed, known and certain letter of the law. This, we contend, was never the intention of the framers of our Constitution, and I submit we should never align ourselves on the side of those whose philosophy of the law and of the nature of the judicial process permits them to assert that such is the function of a court.

Under Sec. 5 of the Appellate Practice Act of 1965 (Ga. L. 1965, pp. 18, 21), a notice of appeal shall be filed within 30 days after the *entry* of the appealable judgment or decision complained of. *Code Ann.* § 6-803. By Sec. 18B of the same Act (Ga. L. 1965, pp. 18, 32), "The filing with the clerk of a judgment, *signed by the judge,* constitutes the entry of such judgment, within the meaning" of that Act. (Emphasis supplied.) To me this language is so plain and unambiguous as to admit of no construction, and, therefore, the mandate of Sec. 23 of the Act referred to in the majority opinion requiring that the Act be liberally construed cannot affect the decision of the question as to whether the appeal should be dismissed in this case. To carry the reasoning of the majority to its ultimate conclusion would mean that, no matter how loosely the appellant prepares his notice of appeal or to what extent he disregards the plain requirements of the law, we are forbidden by the mandate of Sec. 23 to dismiss it. Obviously, this is not so as evidenced by such cases as *Interstate Fire Ins. Co. v. Chattam,* 222 Ga. 436 (150 SE2d 618), and others which this court and the Supreme Court have dismissed under the so-called new Appellate Practice Act. As has been said on many occasions in other contexts, the law without form or technical requirements which must be complied with by the parties would be chaos and impossible for the courts to administer.

The Act itself prescribes the form of the notice of appeal, and while it provides also that a substantial compliance with those forms shall be sufficient, it is not a substantial compliance with the form to appeal from something other than an order or judgment of the court that has not been *entered* in accordance with the provisions of Sec. 18B of the Act. For only upon the *entry* of such a judgment (that is, an order or judgment *signed* by the judge *and* filed with the clerk of the court) does the time start to run for the purpose of determining whether the notice of appeal has been timely filed. The record here shows, at the very least, that the appeal is premature. I would, therefore, dismiss the appeal in this case.

I am authorized to state that Eberhardt, J., concurs in this dissent.

PANNELL, Judge, dissenting. Appellee made a motion to dismiss the appeal on the grounds that the enumeration of error was too vague and indefinite and insufficient to present any question for review. Under the prior procedure, where specific assignments of error were necessary, it is doubtful if the enumeration of error would have been sufficient to meet the standards then required. However, under the Appellate Practice Act of 1965 the enumeration of error is sufficient to present a question for decision *if the appeal is properly before this court.* There is no question but that the direction of a verdict is a *reviewable judgment;* however, a jurisdictional question is presented as to whether an appeal from, or based on, the direction of a verdict rather than the judgment entered thereon is authorized by the Appellate Practice Act of 1965, as amended.

Under the prior practice, if a bill of exceptions contained any assignment of error on an appealable judgment, generally other *reviewable* assignments of error would be passed on by the appellate court. Under the Appellate Practice Act assignments of error are abolished as well as bills of exception; the appeal therefore must be based on or from a judgment which will support the appeal as provided in the Act, and the enumeration of error on an appealable judgment would not necessarily make the appeal good. There is no enumeration of error on an appealable judgment in the present case, nor is the appeal

from a judgment, ruling, or order from which an appeal is authorized under the Appellate Practice Act.

The appeal should be dismissed in the present case irrespective of the effect of Sec. 18B of the Appellate Practice Act of 1965 (Ga. L. 1965, pp. 18, 32) and irrespective of the decisions relied upon by the majority. These decisions (*Mullis v. McCook*, 185 Ga. 171 (194 SE 171); *Scarborough v. Holder*, 127 Ga. 256 (56 SE 293); *McKenzie v. Consolidated Lumber Co.*, 142 Ga. 375 (4) (82 SE 1062); *Winter Inc. v. Peoples Bank of Calhoun*, 166 Ga. 385 (2) (143 SE 387); *De LaPerriere v. Herrmann & Henican*, 41 Ga. App. 60 (2) ( 151 SE 813)) and others like them (*Duggan v. Monk*, 5 Ga. App. 206 (62 SE 1017); *Meeks v. Meeks*, 5 Ga. App. 394 (63 SE 270); *Legere v. Blakely Gin Co.*, 11 Ga. App. 325 (75 SE 163); *Copeland v. Gilbert*, 24 Ga. App. 387 (100 SE 775); *Taylor v. Reese*, 108 Ga. 379 (33 SE 917); *State of Georgia v. McGuire*, 76 Ga. App. 596, 597 (46 SE2d 774); *Arnold v. Selman*, 83 Ga. App. 145 (1) (62 SE2d 915)) are all based on the Act of 1898 (Ga. L. 1898, p. 92; § 6-804 of the Code of 1933) or are based on decisions predicated on said Act, even though some of the latter decisions do not cite the Act but cite only the prior decisions. *Code* § 6-804, a codification of the Act of 1898, was expressly repealed by Sec. 21 of the Appellate Practice Act of 1965. This repealed Code section reads as follows: "In any case where the judgment, decree, or *verdict* necessarily has been controlled by one or more rulings, orders, decisions, or charges of the court, and the losing party desires to except to such judgment, decree, or *verdict*, and to assign error on the ruling, order, decision, or charge of the court, it shall not be necessary to make a motion for new trial, nor file a brief of the evidence, but the party complaining shall be permitted to present a bill of exceptions containing only so much of the evidence or statement of facts as may be necessary to enable the appellate court to clearly understand the ruling, order, decision, or charge complained of." (Emphasis supplied.) To illustrate the point I quote in full Division 1 of the opinion in *Scarborough v. Holder*, 127 Ga. 256 (1), supra, cited by the majority, and by this court as authority for the ruling in *De LaPerriere v. Herrmann & Heni-*

*can,* 41 Ga. App. 60, supra: "[a] motion was made to dismiss the bill of exceptions, on the ground that it contained no assignment of error upon any final verdict or judgment in the case. This is a direct bill of exceptions in a case in which a verdict was directed by the court, and error is assigned upon various rulings made pendente lite, as well as upon the direction of a verdict. The bill of exceptions recites: 'Defendant's counsel then and there moved the court to direct a verdict for the defendant for the premises in dispute, which motion was granted and a verdict directed by the court for the premises in dispute. To which ruling by the court plaintiff then and there excepted, and now excepts and assigns the same as error, and says that the ruling of the court in directing said verdict for the defendant is contrary to law, contrary to evidence and without evidence to support it.' In *Montgomery v. Reynolds,* 124 Ga. 1053, upon the authority of the cases cited in the first headnote, it was ruled that a direct bill of exceptions to a ruling made pendente lite, which does not assign error upon any final judgment, will not be entertained by this court. In none of the cases cited nor in the main case was the question made or decided that under the Act of December 20, 1898, a direct bill of exceptions to a pendente lite ruling would lie without assigning error upon a verdict. That Act provides: In 'any case now or hereafter brought, where the judgment, decree, or verdict has necessarily been controlled by one or more rulings, orders, decisions, or charges of the court, and the losing party desires to except to such judgment, decree, or verdict, and to assign error on the ruling, order, decision, or charge of the court, it shall not be necessary to make a motion for new trial, nor file a brief of the evidence, but the party complaining shall be permitted to present a bill of exceptions containing only so much of the evidence or statement of facts as may be necessary to enable the Supreme Court to clearly understand the ruling, decision, or charge complained of.' Acts of 1898, p. 92. Where a verdict has been necessarily controlled by a ruling of the court, the losing party is given the right to except to such verdict and assign error on the ruling of the court without making a motion for a new trial

and without filing complete brief of the evidence; all that the complaining party is required to include in his bill of exceptions is so much of the evidence or statement of facts as may be necessary to enable the Supreme Court to clearly understand the ruling complained of. One of the rulings complained of in the present case is the direction of a verdict; this, of course, is a controlling ruling. The plaintiff in error, under the Act of 1898, was given the privilege of bringing this controlling ruling to the Supreme Court for review by a direct bill of exceptions, complaining that the verdict was necessarily controlled thereby. The difficulty in the case is whether there has been any exception taken to the verdict in the assignment of error. When the court directed the jury to return a particular verdict, the jury was bound to return that verdict and none other. The writing of the verdict at the instance of the court was, in effect, the act of the court; and when the bill of exceptions assigns error upon the ruling of the court in directing a particular verdict, as being contrary to law, contrary to evidence, and without evidence to support it, in legal contemplation this is an exception to the verdict itself. *Therefore, construing the assignment of error upon the direction of the verdict as being an assignment of error upon the verdict, we hold that there is an exception taken to the verdict which brings this case under the provisions of the Act of 1898,* and we will inquire whether the controlling ruling complained of was correct or not." (Emphasis supplied.) The case of *McKenzie's Sons & Co. v. Consolidated Lumber Co.,* 142 Ga. 375 (4) (82 SE 1062) follows the *Scarborough* case and cites as additional authority the case of *Potts-Thompson Liquor Co. v. Potts,* 135 Ga. 453, 465 (11) (69 SE 734), which cited the *Scarborough* case as authority and also *Brown v. Conner,* 141 Ga. 622 (81 SE 901) which latter case merely held that an assignment of error on the direction of a verdict on the ground that "there was nothing upon which to base that verdict" was sufficiently definite. In this latter case, there was an assignment of error on the judgment entered on the verdict which supported the bill of exceptions. Reviewability and not appealability was involved there. An examination of the record in the case of *Mullis v. McCook,*

185 Ga. 171, supra, discloses there is an assignment of error on the judgment entered on the verdict. The case of *Winter Inc. v. Peoples Bank of Calhoun,* 166 Ga. 385 (2), supra, cites the *Scarborough* and *McKenzie* cases as well as *Duggan v. Monk,* 5 Ga. App. 206 (62 SE 1017). The *Duggan* case cited as authority *Lyndon v. Ga. R. &c. Co.,* 129 Ga. 353 (58 SE 1047), in which latter case the judgment on the verdict was excepted to as well as the ruling of the trial judge directing the verdict, the ruling being only that the assignment of error on the direction of the verdict was sufficient to present the question for decision. Reviewability, not appealability was involved. Other cases discussing the Act of 1898 (§ 6-804 of the Code of 1933) and basing the right to appeal such a ruling as that appealed in the present case on said Act are *Taylor v. Reese,* 108 Ga. 379, supra; *Wright v. Hollywood Cemetery Corp.,* 112 Ga. 884 (38 SE 94, 52 LRA 621); and *Webb v. Hicks,* 117 Ga. 335 (43 SE 738).

A search for the parentage of all of these cases leads inevitably to the Act of 1898, and the Code section codifying the Act having been repealed, the cases based thereon no longer are legitimate or valid as authority in the absence of the statute.

We agree with the majority that the Appellate Practice Act of 1965, as amended, should be liberally construed so as to avoid dismissals when possible, but in the pursuit of this desirable goal, expressed by all, we cannot ignore the plain language of the statute as it now exists, and particularly when the very language which would have authorized an appeal from an order directing a verdict has been expressly repealed, and nothing enacted to take its place except the phrase from Sec. 23, lifted out of context, and quoted by the majority as a mandate of the General Assembly. This court should not encroach upon the prerogatives of the legislature or exercise legislative powers by adding provisions to accomplish an expressed general purpose of the legislature when as to the matter involved (here an appeal from an order directing a verdict) the legislature has spoken effectively to the contrary by eliminating the very foundations for such an appeal. The law is clear that there can no longer be an appeal from a verdict (*Interstate Fire Ins.*

*Co. v. Chattam,* 222 Ga. 436 (150 SE2d 618)), and an appeal from a ruling of the trial judge directing a verdict can no longer be considered as an appeal from a verdict.

The majority have called attention to no portion of the Appellate Practice Act which authorizes an appeal from an order directing a verdict. There is no such language. I am, therefore, constrained to the view that the appeal should be dismissed.